El Juez Asociado Señor Martínez Torres
emitió la opinión del Tribunal.
En esencia, estos casos consolidados nos permiten estu-diar el requisito jurisdiccional de pago previo que contiene el Art. 3.48 de la Ley Núm. 83-1991, según enmendada, conocida como la Ley de Contribución Municipal sobre Pro-piedad de 1991 (21 L.P.R.A. sec. 5098a). De igual forma, tendremos la ocasión de colocar en perspectiva nuestros pronunciamientos en Yiyi Motors, Inc. v. E.L.A., 177 D.P.R. 230 (2009), y en Mun. Trujillo Alto v. Cable TV, 132 D.P.R. 1008 (1993), a la luz de la controversia que tenemos ante nos.
I
Con el propósito de salvaguardar la claridad en el aná-lisis, se expondrán los hechos de cada caso por separado.
A

CC-2010-1094

Lilly del Caribe, Inc. es una compañía organizada y au-torizada a hacer negocios en Puerto Rico y dueña de varias plantas de manufactura localizadas en la isla. Por virtud del Art. 22 de la Ley Núm. 7-2009, según enmendado, 13 L.P.R.A. see. 9401, el Departamento de Hacienda emitió a Lilly del Caribe unas notificaciones de contribución espe *243 cial sobre la propiedad, relacionadas con los bienes inmue-bles que posee. Esa contribución se determinó conforme a la tasación de las propiedades al 1 de enero de 2009.
Como Lilly del Caribe se mostró inconforme con la tota-lidad de la contribución, presentó una solicitud de revisión administrativa ante el Departamento de Hacienda el 1 de octubre de 2009. La agencia no contestó en el término de sesenta días provisto por ley. Art. 3.48 de la Ley Núm. 83 (21 L.P.R.A. sec. 5098a). Ante la inacción administrativa, Lilly del Caribe presentó ante el Tribunal de Instancia una “Demanda sobre Impugnación de Contribución Especial sobre Propiedad Inmueble para Fines Comerciales”, en la que adujo que estaba en desacuerdo con la totalidad de la contribución notificada.
Lilly del Caribe argumentó, entre otras cosas, que con-forme al decreto de exención que ostenta, no estaba sujeta a esa contribución, debido a que, según los efectos de la See. 3701 del Código de Rentas Internas, 13 L.P.R.A. see. 9401, sus propiedades no se utilizan para fines comerciales. Luego de varios incidentes procesales, el Go-bierno de Puerto Rico presentó una moción de desestima-ción, en la que alegó que Lilly del Caribe no cumplió con los criterios dispuestos en el Art. 3.48 de la Ley Núm. 83, supra, para que el Tribunal pudiese asumir jurisdicción sobre su impugnación. Lilly del Caribe refutó que, a pesar de estar en desacuerdo con toda la contribución notificada, tenía la opción de pagar únicamente el cuarenta por ciento de la totalidad del tributo en cuestión.
El Tribunal de Primera Instancia emitió una resolución mediante la cual denegó la moción de desestimación pre-sentada por el Estado. Ese foro concluyó que la ley ofrece dos opciones a los contribuyentes inconformes. A su modo ver, existe la opción de pagar la totalidad del impuesto o pagar el cuarenta por ciento aunque se esté en desacuerdo con la totalidad del tributo. Además, ese foro expresó que aplicaba lo resuelto en Yiyi Motors, Inc. v. E.L.A., supra, y
*244 en consecuencia, Lilly del Caribe no tenía que agotar los trámites administrativos para impugnar el impuesto en cuestión. Inconforme con esa determinación, el Gobierno de Puerto Rico presentó un recurso de certiorari ante el Tribunal de Apelaciones.
El 16 de noviembre de 2010, el foro apelativo intermedio emitió una sentencia mediante la cual acogió la petición del Estado y desestimó la demanda. En esencia, concluyó que Lilly del Caribe incumplió con el requisito jurisdiccio-nal de pago cuando se impugna la totalidad del impuesto. Oportunamente, Lilly del Caribe acudió ante este Tribunal mediante recurso de certiorari y planteó que el Tribunal de Apelaciones añadió por la vía judicial requisitos y condicio-nes con efecto jurisdiccional que el legislador no incluyó en el estatuto contributivo que le permite la impugnación. Además, señaló que no le aplica la contribución que se le impuso, porque su propiedad se usa con fines industriales y no comerciales. Mediante Resolución de 6 de mayo de 2011 ordenamos al Estado expresarse en torno a lo que se nos planteó en la solicitud de certiorari. Así lo hizo. El caso está listo para resolverse.
B

CC-2011-399

El 28 de diciembre de 2009, DirecTV presentó una de-manda contra el Departamento de Hacienda. En ella, im-pugnó la contribución especial anual sobre la propiedad inmueble comercial que ascendió a $838,814.63, equiva-lente al .591 por ciento del valor tributable de la propiedad que reflejaba el Centro de Recaudación de Impuestos Mu-nicipales (CRIM). En la demanda también indicó que DirecTV acudió ante el Departamento de Hacienda y objetó la cantidad mencionada mediante un recurso adminis-trativo. Junto con ese recurso, incluyó el pago de $335,525.85, lo que representó el cuarenta por ciento de la *245 contribución anual notificada. Además, señaló que estaba en total desacuerdo con la imposición de la contribución especial. Cimentó su posición en que la Ley Núm. 7-2009, conocida como la Ley Especial Declarando Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico, no le confirió auto-ridad legal al Secretario de Hacienda para imponer una contribución especial mediante una carta circular.
Como el Departamento de Hacienda no se expresó en el término de sesenta días establecido en el Art. 3.48(a) de la Ley Núm. 83, supra, DirecTV acudió ante el foro primario. Solicitó la cancelación del gravamen impuesto y la devolu-ción del dinero satisfecho. En la alternativa, argüyó que procedía modificar esa contribución porque el cómputo con-tributivo realizado por el CRIM era incorrecto.
El 6 de agosto de 2010, el Departamento de Hacienda presentó una solicitud de desestimación, en la que alegó que el foro primario carecía de jurisdicción, ya que el pago parcial que efectuó DirecTV no estaba contemplado en el Art. 3.48 de la Ley Núm. 83, supra. Agregó que “[s]i la parte demandante estaba en desacuerdo con la totalidad de la contribución notificada, debió pagar la misma por completo siguiendo la letra clara de la Ley. La opción de un pago parcial sólo está disponible a aquellos contribuyentes que acepten parte de la contribución impuesta y rechacen otra parte, permitiéndoles pagar el 40% de la porción con la que no estuvieren de acuerdo”. Apéndice, pág. 108.
El 7 de septiembre de 2010, DirecTV presentó su escrito en oposición a la moción de desestimación. En él, rebatió el argumento planteado por el Departamento de Hacienda sobre la falta de jurisdicción. Señaló que, como cuestionaba la autoridad legal del organismo administrativo para im-poner una contribución especial mediante una caifa circular y no el monto que ha de pagarse como consecuencia del referido impuesto, podía pagar solamente el cuarenta por ciento.
*246 Luego de varios trámites procesales, el 23 de noviembre de 2010, el Tribunal de Primera Instancia emitió una reso-lución en la que indicó que al planteamiento sobre la falta de autoridad legal del Departamento para imponer una contribución especial, le aplicaba la doctrina que esboza-mos en Mun. Trujillo Alto v. Cable TV, supra.
En desacuerdo con el dictamen, el Estado recurrió ante el Tribunal de Apelaciones. Señaló que el foro primario erró al arrogarse jurisdicción para atender los méritos del caso y obviar el hecho de que DirecTV incumplió con el requisito jurisdiccional de pago previo provisto en el Art. 3.48, supra, cuando un contribuyente impugna la totalidad del tributo notificado.
El Tribunal de Apelaciones, luego de examinar los argu-mentos esgrimidos por las partes, no expidió el auto de certiorari. Fundamentó su dictamen en que la norma establecida en Mun. Trujillo Alto v. Cable TV, supra, disponía de la controversia planteada.
Aún inconforme, el Estado acudió ante este Foro me-diante recurso de certiorari y moción en auxilio de jurisdicción. En particular, el Estado plantea que tanto el foro primario como el Tribunal de Apelaciones erraron en la apreciación de la norma que pautamos en Mun. Trujillo Alto v. Cable TV, supra. Además, sostiene que en este caso procede la moción de desestimación porque no se cumplió con el requisito jurisdiccional establecido en el Art. 3.48 de la Ley Núm. 83, supra. El 9 de junio de 2011 emitimos una resolución en la que declaramos “con lugar” la moción en auxilio de jurisdicción. De igual manera, concedimos veinte días a DirecTV para que mostrara causa por la cual no procedía revocar el dictamen del Tribunal de Apelaciones. DirecTV compareció. Como el recurso está perfeccionado, pasamos a resolver la controversia.
*247 II
A
El Art. 22 de la Ley Núm. 7-2009, supra, según enmendada, añadió a nuestro ordenamiento jurídico una contribución especial sobre la propiedad inmueble con fines residenciales. En particular, la Ley Núm. 7, supra, incorporó la See. 3701 a la Ley Núm. 120-1994, mejor conocida como el Código de Rentas Internas.
No obstante, la Ley Núm. 37-2009 enmendó la recién creada See. 3701 del Código de Rentas Internas, supra. Como resultado de esa enmienda la contribución especial se extendió también a la propiedad inmueble con fines comerciales. Luego de esa enmienda, la See. 3701 quedó configurada finalmente de la forma siguiente:

See. 9401. Imposición

(a) Por la presente se impone para los años económicos 2009-10, 2010-11 y 2011-12 o hasta que se recaude la suma agregada de seiscientos noventa millones ($690,000,000) de dólares, lo que ocurra primero, una contribución especial esta-tal sobre toda propiedad inmueble utilizada para fines resi-denciales y comerciales, cuya contribución será igual a cero punto quinientos noventa y uno por ciento (0.591%) del valor tasado de dicha propiedad, según determinado por el Centro de Recaudación de Ingresos Municipales (en adelante, el “CRIM”) a tenor con la Ley de Contribución Municipal sobre la Propiedad de 1991, sees. 5001 et seq. del Título 21, luego de tomadas en consideración las exoneraciones dispuestas en las sees. 5002 y 5003 del Título 21 y en la see. 3418(1) del Título 26; así como en la see. 737 del Título 29; así como otras exo-neraciones o exenciones dispuestas en leyes especiales, ex-cepto aquellas exoneraciones o exenciones concedidas por los municipios en el ejercicio de sus poderes. Esta contribución especial estatal será adicional a toda otra contribución im-puesta en virtud de otra ley en vigor. Esta contribución especial estatal y su cómputo no menoscabará ninguna contribu-ción municipal sobre la propiedad inmueble impuesta por los municipios en el ejercicio de sus poderes.
Se dispone que la contribución especial impuesta sobre la *248 propiedad inmueble, según establecida en la presente ley, no será extensiva a aquella unidad de vivienda de nueva cons-trucción, que aún no haya sido opcionada o vendida y entre-gada al comprador. Una vez vendida y entregada al comprador dicha propiedad, esta exención será extensiva hasta la fecha de tasación siguiente; Disponiéndose, que dicho beneficio nunca será mayor de doce (12) meses.
(b) El Secretario de Hacienda queda por la presente facul-tado y se le ordena que cobre anualmente la contribución especial dispuesta en el inciso (a) de esta sección. El Secretario tasará y cobrará la contribución especial conforme al mismo procedimiento y sujeto a las mismas limitaciones y derechos provistos por la Ley de Contribución Municipal sobre la Pro-piedad de 1991, sees. 5001 et seq. del Título 21, para la tasa-ción y cobro de la contribución sobre la propiedad en Puerto Rico, incluyendo aquellas relativas a solicitud de revisión ad-ministrativa e impugnación judicial de la contribución, ex-cepto que cualquier referencia en dicha Ley al Centro de Re-caudaciones de Ingresos Municipales o su Director, se entenderá, para propósitos de esta parte, como referencia al Departamento de Hacienda o el Secretario.
Una lectura del inciso anterior demuestra que el legislador encomendó al Departamento de Hacienda la tarea de cobrar el impuesto especial. Para instrumentalizar el mandato legislativo, el Departamento de Hacienda publicó la Carta Circular Núm. 2009-08 de 29 de septiembre de 2009. En ella se estableció que
... aquellos contribuyentes que deseen solicitar una revisión administrativa o impugnar judicialmente la contribución, de-berán cumplir con los requisitos establecidos en el Artículo 3.48 de la Ley Núm. 83 y el Reglamento 7221 del CRIM, en-tendiéndose que cualquier referencia en dicha ley o en dicho reglamento al CRIM o su Director, se tendrá como referencia al Departamento de Hacienda o al Secretario de Hacienda. Petición de certiorari, pág. 27.
De igual forma, la Asamblea Legislativa ordenó que todo lo relacionado a la revisión administrativa de la contribución especial de la propiedad inmueble se tramitara de acuerdo al proceso establecido en la Ley Núm. 83-1991, según enmendada, conocida como la Ley de Contri- *249 bución Municipal sobre Propiedad de 1991 (21 L.P.R.A. sec. 5001 et seq.). En lo que nos concierne, el Art. 3.48(a) de la referida ley, 21 L.P.R.A. sec. 5098a, indica:
(a) Revisión administrativa. — Si el contribuyente no estu-viere conforme con la notificación de la imposición contribu-tiva emitida por el Centro de conformidad con las sees. 5076 y 5077 de este título, podrá solicitar por escrito una revisión administrativa donde se expresen las razones para su obje-ción, la cantidad que estime correcta e incluir, si lo entiende necesario, la evidencia o documentos correspondientes, dentro del término de treinta (30) días calendarios, a partir de la fecha de depósito en el correo de la notificación provista por las sees. 5076 y 5077 de este título, siempre y cuando el con-tribuyente ...:
(1) Pague al Centro de Recaudación la parte de la contri-bución con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere conforme, o;
(2) pague al Centro de Recaudación la totalidad de la con-tribución impuesta.
El contribuyente que solicite una revisión administrativa, según se dispone en esta sección, no podrá acogerse al des-cuento por pronto pago dispuesto en la see. 5093 de este título, excepto cuando pague la totalidad de la contribución im-puesta, dentro de los términos prescritos por ley para tener derecho al descuento.
El Centro deberá emitir su decisión dentro de un término de sesenta (60) días a partir de la fecha de radicación de la soli-citud de revisión administrativa por el contribuyente. ...
El procedimiento de revisión administrativa deberá comple-tarse como requisito previo para que un contribuyente que no estuviere conforme con la decisión sobre imposición contribu-tiva la impugne, según lo dispone el inciso (b) de esta sección.
(b) Impugnación judicial. — Si el contribuyente no estuviere conforme con la notificación de la imposición contributiva rea-lizada por el Centro, de conformidad a las sees. 5076 y 5077 de este título y el inciso (a) de esta sección, podrá impugnar la misma ante el Tribunal de Primera Instancia dentro del tér-mino de treinta (30) días calendarios, a partir de la fecha de depósito en el correo de la notificación provista por las sees. 5076 y 5077 de este título siempre y cuando el contribuyente, dentro del citado término:
(1) Pague al Centro de Recaudación la parte de la contri-bución con la cual estuviere conforme y un cuarenta por ciento *250 (40%) de la parte de la contribución con la cual no estuviere conforme, o;
(2) pague al Centro de Recaudación la totalidad de la con-tribución impuesta.
Tanto la presentación de la impugnación, como el pago de la contribución impuesta, ya sea en su totalidad o en la parte con la cual se estuviere conforme, así como el pago del cuarenta por ciento (40%) de la parte de la contribución con la cual no se estuviere conforme, dentro del término dispuesto, se consideran de carácter jurisdiccional.([1]) (Enfasis nuestro).
Valga señalar que el Art. 3.48 fue incorporado a la Ley Núm. 83, supra, mediante la Ley Núm. 135-1998. Especí-ficamente, el Informe de la Comisión de Asuntos Munici-pales y de la Comisión de Hacienda de la Cámara de Re-presentantes sobre el R de la C. 1543, 13ra Asamblea Legislativa, 3ra Sesión Ordinaria, 12 de junio de 1998, (eventual Art. 3.48, supra) explica el propósito del requisito jurisdiccional de pago previo de la contribución inmueble anual. Indica:
... Además se establece que durante ese término, el contribu-yente deberá pagar la parte de la contribución con la cual es-tuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere de acuerdo o, en su lugar, la totalidad de la contribución impuesta garantizándosele el rembolso total de la misma, en caso de prevalecer en su reclamación. También se dispone que cuando se pague parte de la contribución, el contribuyente no se podrá acoger al descuento por pronto pago dispuesto en el Artículo 3.43.
Estas disposiciones uniforman el procedimiento de cobro de las contribuciones a los establecidos en el caso de impugnación ante el Tribunal de Primera Instancia, para que el CRIM pueda cumplir con su deber ministerial de distribuir a los mu-nicipios la parte cobrada. Esto es necesario, ya que en la prác-tica los contribuyentes obvian el proceso de revisión adminis- *251 trativo recurriendo directamente a los Tribunales y dejando de pagar la contribución impuesta hasta tanto el Tribunal emita su decisión sobre el caso. Lo anterior afecta los ingresos que reciben los municipios por este concepto sobre todo, cuando conscientes del proceso de revisión administrativa [el] contri-buyente acude al Tribunal como subterfugio para dejar de pa-gar sus contribuciones. ... (Enfasis nuestro). Id., pág. 2.
Podemos apreciar que el legislador señaló expresa-mente la necesidad de minimizar los efectos en las arcas públicas de que los contribuyentes intenten dilatar y eva-dir el pago de las contribuciones inmuebles mediante revi-siones administrativas e impugnaciones judiciales. Ello tendría como resultado una falta de liquidez que podría repercutir en la prestación de servicios esenciales. Informe del P. de la C. 1543, id. Es decir, la Asamblea Legislativa creó un mecanismo, de carácter jurisdiccional, para que un contribuyente promueva su acción impugnatoria solo cuando tiene bases sólidas.
Además, se deduce que el propósito de la legislación fue disuadir que un contribuyente impugnara la totalidad del tributo, aunque realmente solo estuviera en desacuerdo con parte. Así, se buscó garantizar el debido proceso de ley al contribuyente, sin que el ejercicio de ese derecho se con-virtiera en una carga insostenible para el Estado y los municipios.
B
Las leyes contributivas “deben recibir una interpretación razonable que tienda a llevar a efecto el propósito y la intención del legislador”. Licorería Trigo, Inc., v. Srio. de Hacienda, 94 D.PR. 270, 279 (1967). De igual forma, las legislaciones tributarias “no se habrán de interpretar de forma extensiva, sino que se deberán interpretar de una forma justa, y a tenor con sus propios y expresos términos”. Yiyi Motors, Inc. v. E.L.A., supra, pág. 250. *252 Véase, además, Talcott Inter-Amer. Corp. v. Registrador, 104 D.P.R. 254, 263 (1975). No obstante, tampoco podemos interpretar una ley contributiva de manera que facilite la evasión del pago de impuestos que la Asamblea Legislativa ha establecido. West India Oil Co. (P.R.) v. Sancho Bonet, Tes., 54 D.P.R. 732, 744-745 (1939).
No podemos perder de perspectiva que “nuestra obliga-ción consiste en imprimir efectividad a la intención del le-gislador y garantizar así que se cumpla con el propósito para el cual fue creada la medida”. Báez Rodríguez et al. v. E.L.A., 179 D.P.R. 231, 244 (2010).
Cónsono con lo anterior, recordemos que “como cuestión de umbral, debemos remitirnos al texto de la ley”. Báez Rodríguez et al. v. E.L.A., supra, pág. 245. Así pues, “cuando el legislador se ha manifestado con un lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa”. Báez Rodríguez et al. v. E.L.A., 179 D.P.R. 231, 244 (2010). Véase, además, Rosario v. Dist. Kikuet, Inc., 151 D.P.R. 634, 643 (2000).
En este caso, la contención de Lilly del Caribe y DirecTV es a los efectos de que el Art. 3.48 de la Ley Núm. 83, supra, permite pagar el cuarenta por ciento, ya sea que se esté parcial o totalmente en desacuerdo con el tributo impuesto. Por su parte, el Estado argumenta que el refe-rido Art. 3.48, supra, permite el pago del cuarenta por ciento únicamente cuando el contribuyente está conforme con parte del gravamen impuesto y cuestiona la parte restante. Luego de un análisis integrado del texto del artí-culo y del historial legislativo, resulta ineludible concluir que al Estado le asiste la razón.
Claramente el artículo en controversia dispone las circunstancias en las que se permite el pago del cuarenta por ciento de la deuda contributiva impugnada. Notamos que la disposición en cuestión contempla dos escenarios: (a) que el contribuyente pague la porción con la cual estuviere conforme y el cuarenta por ciento con la cual *253 no lo está; (b) que el contribuyente pague todo el tributo, pues lo impugna por completo.
La primera alternativa está disponible para el contribu-yente que impugne el tributo parcialmente. En ese caso, el contribuyente pagará el 100% del impuesto que no cuestionó. Ahora bien, como incentivo para que no se cues-tione innecesariamente todo el impuesto, se permite que el contribuyente pague tan solo el cuarenta por ciento del monto que realmente disputa. Es decir, la opción de pagar el cuarenta por ciento se limita a la porción del impuesto con el que se está en desacuerdo, pero no en cuanto a la totalidad de la deuda. El segundo escenario se configura cuando el contribuyente impugna la contribución completa. Ante ese panorama, el ciudadano está obligado a pagar la contribución en su totalidad, acogiéndose al diez por ciento de "pronto pago” que contempla el Art. 3.43 de la Ley Núm. 83, (21 L.P.R.A. see. 5093).
Es preciso puntualizar que la Asamblea Legislativa uti-lizó la conjunción “y” para unir las dos proposiciones que configuran la primera alternativa y la conjunción “o” para separar la primera opción de la segunda. De lo anterior se colige que en el primer supuesto se tienen que configurar las dos proposiciones: Estar conforme con parte de la contribución e impugnar parte. Véase Torres, Torres v. Torres et al., 179 D.P.R. 481, 494 (2010).
En Villamil Development v. C.R.I.M., 171 D.P.R. 392 (2007), tuvimos la oportunidad de analizar una controversia relacionada con la Ley Núm. 83, supra. En particular, teníamos que resolver si el requisito jurisdiccional del pago de la totalidad de la contribución notificada se refería al periodo anual o al semestral. íd., pág. 400. En aquel entonces, la sociedad especial Villamil Development no impugnó la totalidad del tributo, por lo que tenía derecho de aco-gerse a la primera alternativa. Id., págs. 394-395. Luego de evaluar el derecho aplicable concluimos que:
En el caso hoy ante nuestra consideración, Villamil pagó *254 $105,873.64 al CRIM dentro del término de 30 días a partir del depósito en el correo de la notificación de contribución. Dicho pago no fue suficiente para cumplir con el requisito ju-risdiccional establecido en el Art. 3.48 de la Ley, pues la suma pagada no constituye la totalidad de la contribución anual me-nos el 10% de descuento, ni la parte de la contribución anual con la cual estuviere conforme más el 40% de la contribución anual con la cual no estuviese conforme. Para cumplir con lo establecido en el Art. 3.48 de la Ley Villamil debió haber pa-gado al CRIM: (1) $226,788.41, suma que corresponde a la parte de la contribución anual con la cual estuvo conforme más el 40% de la parte de la contribución anual con la cual no estuvo conforme; o (2) $211,747.30, suma que corresponde a la totalidad de la contribución anual impuesta menos el 10% de descuento por pronto pago. No lo hizo. Por consiguiente, tanto el CRIM como los tribunales recurridos actuaron correcta-mente al denegar la impugnación presentada. (Enfasis suprimido). íd., págs. 405-406.
Como se aprecia, las expresiones citadas resumen con claridad meridiana las únicas dos alternativas que permi-ten el Art. 3.48, supra.
En suma, un análisis de la disposición en controversia nos lleva a concluir que la contención de Lilly del Caribe y DirecTV no tiene méritos. Lo que pretende es que enmen-demos el Art. 3.48 y añadamos un tercer inciso que permita pagar el cuarenta por ciento aunque se esté en desacuerdo con la totalidad de la contribución. Ese proceder anularía los primeros dos incisos y podría repercutir en problemas de liquidez para el erario, según se desprende del Informe del P. de la C. 1543, supra.
La interpretación que Lilly del Caribe y DirecTV propo-nen elimina de un plumazo la frase inicial del inciso (1) que requiere que el contribuyente: “[p]ague al Centro de Recaudación la parte de la contribución con la cual estu-viere conforme” cuando satisface tan solo cuarenta por ciento de la parte del tributo que no objeta. Si esa alterna-tiva estuviera disponible también cuando el contribuyente objeta todo el impuesto, sería superfluo requerirle que pa-gue la parte de la contribución con la cual está de acuerdo, pues el contribuyente no está conforme con parte alguna. *255 No podemos interpretar que el legislador incluyó un len-guaje inútil en la ley.([2]) ASG v. Mun. San Juan, 168 D.P.R. 337, 348 (2006); Talcott Inter-Amer. Corp. v. Registrador, 104 D.P.R. 254 (1975).
Ahora bien, Lilly del Caribe aduce que no tiene que ago-tar los remedios administrativos, porque aplica lo resuelto en Yiyi Motors, Inc. v. E.L.A., supra. Por su parte, el foro primario, el Tribunal de Apelaciones y DirecTV entienden que la norma que establecimos en Municipio Trujillo Alto v. Cable TV, supra, dispone de la controversia ante nos y, consecuentemente, era innecesario cumplir con lo dispuesto en el Art. 3.48, supra. Analicemos esos precedentes.
III
A
Recientemente en Yiyi Motors, Inc. v. E.L.A., supra, nos enfrentamos a una situación de hechos en la que se le pre-tendía cobrar impuestos a una entidad que no era la res-ponsable de pagarlos, según lo establecía el Código de Ren-tas Internas. En específico, Yiyi Motors presentó una petición de injunction contra el Gobierno de Puerto Rico, el Secretario de Hacienda y el Secretario del Departamento de Transportación y Obras Públicas. íd., pág. 238. Adujo en esencia que era un concesionario de vehículos de la marca Nissan, los cuales adquiría de Motorambar, quien era el importador de los vehículos.
En su acción interdictal, Yiyi Motors impugnó el proce-dimiento para el cobro de arbitrios que realizaba el Depar-tamento de Hacienda. De acuerdo con ese proceso, se le *256 exigía a los concesionarios que informaran el precio de venta final. Luego, si este excedía el precio sugerido de venta, declarado por el importador en el embarque, se le exigía al concesionario que pagara los arbitrios por la dife-rencia resultante, a pesar de que el Código de Rentas In-ternas le imponía esa obligación al importador y no al concesionario. íd., pág. 239. Véase, además, la See. 2011 del Código de Rentas Internas, 13 L.RR.A. see. 9014.
Luego de analizar la controversia en los méritos, concluimos que el Secretario de Hacienda carecía de autoridad para imponer el tributo cuestionado. Ante ese escenario extraordinario, determinamos que Yiyi Motors no tenía que agotar los remedios administrativos para acudir al foro judicial y solicitar un interdicto. Id., págs. 284 — 285. Nos basamos en que claramente Yiyi Motors no era un contribuyente para efectos del tributo que se le impuso. Sin embargo, en ese caso reconocimos y reiteramos la norma que pautamos en Cafeteros de P.R. v. Tesorero, 74 D.P.R. 752 (1953), a los efectos de que son improcedentes los recursos de injunction y sentencia declaratoria cuando lo que existen son dudas acerca de si el ciudadano es contribuyente. Yiyi Motors, Inc. v. E.L.A., supra, págs. 277-278. En esa situación, lo que procede es dilucidar las alegaciones en el procedimiento ordinario. Id.
Ahora bien, el caso que nos ocupa contiene un escenario fáctico muy distinto al que tuvimos que atender en Yiyi Motors, Inc. v. E.L.A., supra. En primer lugar, Lilly del Caribe utilizó conscientemente la acción de impugnación que concede el Art. 3.48, supra, y no un remedio en equidad. Con ello, sujetó su reclamo al requisito jurisdic-cional que allí se dispone. En segundo lugar, en este caso no existe un dictamen judicial final y firme que determine que Lilly del Caribe no es contribuyente, a diferencia de lo que ocurrió en Yiyi Motors, Inc. v. E.L.A., supra, pág. 245. Y en tercer lugar, como deducción lógica, Lilly del Caribe fue identifi- *257 cada claramente como contribuyente para fines de la See. 3701 del Código de Rentas Internas, supra. Así pues, tenía en el Art. 3.48, supra, un procedimiento adecuado que le garantizaba un debido proceso de ley para hacer cualquier reclamación que tuviera en torno a la contribución especial.
Así pues, resulta forzoso concluir que la norma que pau-tamos en Yiyi Motors, Inc. v. E.L.A., supra, es totalmente inaplicable a la controversia ante nos.
B
Nos resta dilucidar la aplicabilidad de la norma que es-tablecimos en Mun. Trujillo Alto v. Cable TV, supra, a este caso. En el caso citado, tuvimos la oportunidad de analizar si el Municipio de Trujillo Alto tenía la autoridad legal para imponer el pago de patentes municipales sobre las actividades comerciales que Cable TV of Greater San Juan generó en ese municipio. íd., pág. 1009. Es decir, la contro-versia que atendimos se enmarcó en el contexto de las fa-cultades legislativas de los municipios en materia contri-butiva al amparo del Art. VI, Sec. 2 de la Constitución de Puerto Rico, L.P.R.A., Tomo 1, y de la Ley Núm. 113 de 10 de julio de 1974 (21 L.P.R.A. see. 651 et seq.).
Al estudiar minuciosamente la controversia, concluimos que el pago de patentes por el volumen total de negocios de la empresa correspondía al Municipio de San Juan, lugar en que ubicaban las oficinas centrales de la empresa. Mun. Trujillo Alto v. Cable TV, supra, pág. 1021. Por consiguiente, no procedía distribuir las patentes a prorrata conforme al volumen de negocios generado en cada municipio donde la empresa brindaba servicios.
Fue en ese contexto excepcional que determinamos que cuando un contribuyente cuestiona la autoridad legal de un municipio para imponer una contribución, no *258 es necesario agotar los remedios administrativos. Mun. Trujillo Alto v. Cable TV, id., págs. 1011-1012.
En este caso, la contribución especial fue impuesta por la rama de gobierno con autoridad constitucional para hacerlo: la Asamblea Legislativa. Dicho de otro modo, la discutida See. 3701 del Código de Rentas Internas es un ejercicio legislativo válido de imposición contributiva. Siendo así, el Departamento de Hacienda es la agencia administrativa encargada de implantar y cobrar la contribución especial que impuso la Ley Núm. 7, supra. Por ende, el caso que nos ocupa es claramente distinguible de Mun. Trujillo Alto v. Cable TV, supra, pues allí el municipio de Trujillo Alto no tenía un mandato legislativo expreso, a diferencia de lo que ocurre en este caso.
DirecTV cataloga la controversia como una de falta de autoridad legal del Departamento de Hacienda para cobrar el tributo en cuestión. No obstante, con solo analizar el expediente nos percatamos de que la verdadera controver-sia que se plantea es la interpretación y significado del Art. 3.48, supra. Esa controversia ya la atendimos en el acápite anterior.
Por consiguiente, es impertinente aplicar la norma expuesta en Mun. Trujillo Alto v. Cable TV, supra. De igual forma, reprobamos el uso fuera de contexto de la norma expuesta en ese caso para eludir los requisitos procesales que rigen el procedimiento de impugnación de un tributo impuesto por el legislador.
IV
Según lo discutido, era necesario que Lilly del Caribe y DirecTV pagaran toda la deficiencia contributiva como re-quisito jurisdiccional previo a presentar su acción judicial. No lo hicieron. Por ello, privaron de jurisdicción al foro judicial para atender su reclamo. Procede desestimar am-bas acciones.
*259 V
Por los fundamentos señalados, se expiden los autos de “certiorari" en los casos consolidados. En particular, se con-firma la sentencia emitida por el Tribunal de Apelaciones en el recurso CC-2010-1094. Por otro lado, se revoca la sen-tencia del Tribunal de Apelaciones en el recurso CC-2011-399. Como resultado, se desestiman ambos casos consolida-dos, por falta de jurisdicción.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez concu-rrió con el resultado sin opinión escrita. El Juez Presidente Señor Hernández Denton emitió una opinión disidente, a la cual se unió la Jueza Asociada Señora Fiol Matta.
— O —

(1) Aunque la Ley Núm. 71-2010 enmendó este artículo para reflejar el nuevo esquema que promueve el registro de las propiedades inmuebles no tasadas y pro-piedades comerciales e industriales con mejoras no tasadas, presentamos el artículo sin enmendar, porque era el vigente al momento en que se suscitó la controversia. De todas formas, lo relacionado con el aspecto jurisdiccional no sufrió cambio alguno con la nueva ley.

(2) Tampoco puede pagar un dólar para acogerse a la alternativa de satisfacer solo el 40% de la contribución notificada, como sugiere la disidencia. Eso denotaría una conducta fraudulenta que no tiene protección en nuestro ordenamiento jurídico. Por otro lado, si el contribuyente alegara que esta de acuerdo con pagar cero dólares ($0.00), lo que aduce en realidad es que objeta toda la contribución. En ese caso, la ley le exige que pague el 100% de la contribución para poder impugnarla, sujeto a rembolso si prevalece en su acción.