KEYLA ROSARIO TOLEDO ET ALS., demandantes y recurridos, *v.* DISTRIBUIDORA KIKUET, INC. ET. ALS., demandados y peticionarios.

*Número:* CC-98-388 *Resuelto:* 29 de junio de 2000

*Godwin Aldarondo Girald*, abogado de la parte peticionaria; *Manuel Porro Vizcarra* y *Daliah Lugo Auffant*, de *Manuel Porro Vizcarra Law Offices*, abogados de la parte recurrida.

EL JUEZ PRESIDENTE SEÑOR ANDRÉU GARCÍA emitió la opinión del Tribunal.

¿Se extiende la definición de "patrono" contenida en las leyes laborales que prohíben el discrimen en el empleo,[1] el hostigamiento sexual[2] y el discrimen por razón de género[3] al presidente de una empresa y supervisor de la alegada víctima de hostigamiento sexual, cuando éste es el autor directo de la conducta imputada?

## I

El 27 de febrero de 1996, Keyla Rosario y Javier Vázquez presentaron una querella contra la Distribuidora Kikuet, Distribuidora Kikuet II, Enrique Mangual Flores, su esposa Olga Mangual y la Sociedad Legal de Gananciales que ambos componen, por hostigamiento sexual, discrimen por embarazo, discrimen por razón de sexo, despido injustificado y reclamación de salarios. Imputaron al recurrente Mangual haber incurrido, como autor, en la conducta de hostigamiento sexual de la cual, alegadamente, fue víctima la señora Rosario de Vázquez. Según se expuso en la querella, el señor Mangual es el Presidente y/o accionista mayoritario y/o dueño principal de la corporación o

---

[1] Ley Núm. 100 de 30 de junio de 1959.

[2] Ley Núm. 17 de 22 de abril de 1988.

[3] Ley Núm. 69 de 6 de julio de 1985.

empresa (Kikuet) para la cual trabajaba la mencionada querellante al momento de los hechos imputados en la querella.

En su contestación, los esposos Mangual alegaron como defensa afirmativa que los querellantes carecían de causa de acción en contra de ellos en su carácter personal, y de la sociedad legal de gananciales por ellos constituida, ya que éstos nunca fueron patronos de la señora Rosario. Solicitaron, pues, la desestimación sumaria de la querella por tal motivo.

Los querellantes Rosario y Vázquez se allanaron a la desestimación de las causas de acción al amparo de las leyes que regulan el despido injustificado, reclamaciones de salarios y discrimen por embarazo. Presentaron oposición a la desestimación de las causas de acción basadas en discrimen por razón de sexo y hostigamiento sexual, a saber, las causas de acción al amparo de las *citadas* Leyes 17, 100 y 69.[4]

El 29 de abril de 1997, el Tribunal de Primera Instancia dictó Sentencia Sumaria Parcial mediante la cual desestimó las causas de acción contra los querellados por despido injustificado, reclamación de salarios y discrimen por embarazo. Dicho foro no pasó juicio sobre la desestimación de las causas de acción *por discrimen por razón de sexo y hostigamiento sexual.*

El 10 de junio de 1997, los coquerellados esposos Mangual y la sociedad conyugal por ellos constituida reiteraron su solicitud en cuanto a dichas causas de acción. Sin embargo, el tribunal de instancia denegó la desestimación de las mismas al estimar que tenía dudas sobre el nexo causal entre las actuaciones del señor Mangual y los daños sufridos por los querellantes. Determinó, además, que no procedía dictar sentencia sumaria de desestimación ya que existían controversias de hecho.

No conforme, los coquerellados esposos Mangual recu-

---

[4] Ver notas al calce Núms. 1–3.

rrieron al Tribunal de Circuito de Apelaciones y éste confirmó. Oportunamente solicitaron reconsideración, argumentando que la controversia planteada era una de derecho y que, para los efectos de la resolución de este incidente en particular, aceptaban como ciertas las alegaciones de la querella. El Tribunal de Apelaciones se negó a reconsiderar. A solicitud de los esposos Mangual, le concedimos a los querellantes un término para que mostraran causa por la cual no debíamos revocar. Éstos comparecieron y se allanaron a la desestimación respecto a la coquerellada Olga Mangual, limitando así la controversia a la existencia de causa de acción al amparo de las mencionadas leyes contra el señor Mangual y la sociedad legal de gananciales.

Con el beneficio de la comparecencia de las partes envueltas, procedemos a resolver.

## II

No hay duda de que la legislación en la cual se basa la querella impone responsabilidad civil al "patrono" por discrimen en el empleo por razón de sexo y por hostigamiento sexual. La controversia que tenemos ante nos es la de si el término "patrono" incluye a sus agentes, oficiales, administradores y supervisores, entre otras personas que forman parte de la empresa, cuando se alega, como en este caso, y posteriormente se prueba, que éstos incurrieron en la conducta proscrita por los mencionados estatutos.

El Art. 2(2) de la Ley Núm. 17 de 22 de abril de 1988 (29 L.P.R.A. sec. 155a) (hostigamiento sexual en el empleo), dispone:

> (2) *Patrono.-* Significa toda persona natural o jurídica de cualquier índole, el Gobierno del Estado Libre Asociado de Puerto Rico, incluyendo cada una de sus tres Ramas y sus instrumentalidades o corporaciones públicas, los gobiernos municipales y cualquiera de sus instrumentalidades o corporaciones

municipales, que con ánimo de lucro o sin él, emplee personal mediante cualquier clase de compensación *y sus agentes y supervisores.* Incluye, además, las organizaciones obreras y otras organizaciones, grupos o asociaciones en las cuales participan empleados con el propósito de gestionar con los patronos sobre los términos y condiciones de empleo, así como las agencias de empleo. (Énfasis suplido.)

■ Por su parte, el Art. 2(2) de la Ley Núm. 69 de 6 de julio de 1985 (29 L.P.R.A. sec. 1322(2)) (discrimen por razón de sexo), dispone:

(2) *Patrono.-* Incluye a toda persona natural o jurídica que emplee obreros, trabajadores o empleados, *y al jefe, funcionario, agente, oficial, gestor, administrador, superintendente, capataz, mayordomo o representante de dicha persona natural o jurídica.* (Énfasis suplido.)

■ Similarmente, el Art. 6(2) de la Ley Núm. 100 de 30 de junio de 1959 (29 L.P.R.A. sec. 151(2)) (discrimen en el empleo), dispone:

(2) *Patrono.-* Incluye a toda persona natural o jurídica que emplee obreros, trabajadores o empleados, *y al jefe, funcionario, agente, oficial, gestor, administrador, superintendente, capataz, mayordomo, agente o representante de dicha persona natural o jurídica.* Incluirá aquellas agencias o instrumentalidades del Gobierno de Puerto Rico que operen como negocios o empresas privadas. (Énfasis suplido.)

De su faz, la lectura de estas disposiciones pone de manifiesto que estamos ante una cuestión pura de derecho, para cuya adjudicación no es necesario la celebración de una vista evidenciaria.

Así aclarado, notamos que la tesis central del señor Mangual es que la Asamblea Legislativa no tuvo la intención de responsabilizar a los agentes o supervisores de una empresa por los actos discriminatorios de éstos bajo las Leyes 17, 69 y 100, *supra.* Aduce que "[l]a doctrina adoptada [por la Asamblea Legislativa] fue que el patrono responde [exclusivamente] por los actos discriminatorios cometidos por sus empleados, agentes y supervisores", por lo

que éstos no responden de tales actos *aun cuando sean cometidos por ellos mismos.* Solicitud de *certiorari,* pág. 6. Fundamenta su conclusión en las recomendaciones de la Comisión de Asuntos de la Mujer respecto al proyecto que se convirtió en la Ley Núm. 17, *supra*,[5] y el Art. 5 de la misma ley[6]. No obstante, omite hacer referencia alguna a las definiciones estatutarias de "patrono".

Por su parte, los querellantes arguyen que todo lo que ha demostrado Mangual es que, bajo las Leyes 17, 69 y 100, *supra,* el patrono resulta responsable por las actuaciones de sus agentes, oficiales, administradores y supervisores. En contraposición, plantean que el lenguaje utilizado en las definiciones estatutarias de "patrono" expresamente incluye, entre las personas naturales que responden civilmente por actos de discrimen y hostigamiento sexual, a los agentes, oficiales, administradores y supervisores del patrono cuando éstos incurren, directa o indirectamente, en la conducta proscrita.

### III

Es principio rector de hermenéutica, el descubrir y hacer cumplir la verdadera intención del Poder Legislativo. R.E. Bernier y J.A. Cuevas Segarra, *Aproba-*

---

[5] Allí se indicó:

"Una legislación que efectivamente proteja a los trabajadores del hostigamiento sexual en el empleo debe requerir la participación afirmativa y concreta del patrono. Es el patrono la persona que ejerce mayor control sobre los trabajadores y el lugar de empleo, además de ser recipiente de los frutos de la labor colectiva, quien tiene la responsabilidad mayor de asegurar un ambiente de respeto y dignidad hacia el trabajador. Nuestra realidad nos ha demostrado que la mejor forma de asegurar este compromiso por parte del patrono es adoptando medidas como la consignación de una responsabilidad patronal absoluta junto a la imposición de sanciones económicas además de imponerle al patrono la responsabilidad de tomar medidas preventivas en el empleo." (Énfasis suprimido.) Solicitud de *certiorari,* pág. 6.

[6] El Art. 5 de la Ley Núm. 17, *supra,* 29 L.P.R.A. sec. 155d, dispone:

"Un patrono será responsable de incurrir en hostigamiento sexual en el empleo *por sus actuaciones* y las actuaciones de sus agentes o supervisores, independientemente de si los actos específicos objeto de controversia fueron autorizados o prohibidos por el patrono e independientemente de si el patrono sabía o debía estar enterado de dicha conducta." (Énfasis suplido.)

*ción e interpretación de las leyes en Puerto Rico*, 2da ed., San Juan, Pubs. J.T.S., 1987, Vol. I, págs. 241–242. En la consecución de ese fin, los tribunales deben acudir prioritariamente al texto de la disposición de ley en controversia; si es claro y libre de ambigüedad no debe ser menospreciado bajo pretexto de cumplir su espíritu. Art. 14 del Código Civil, 31 L.P.R.A. sec. 14.

■ Esa es la situación ante nos; esto es, el texto de las disposiciones de ley transcritas es claro y libre de ambigüedad. Las Leyes 17, 69 y 100, *supra*, prohíben el hostigamiento y discrimen sexual en el empleo e imponen responsabilidades y penalidades al patrono. Sus definiciones de "patrono" incluyen a los supervisores, oficiales, administradores y agentes de éste, e invocan la intención inequívoca de la Asamblea Legislativa de responsabilizarlos por actos de hostigamiento sexual en el empleo cuando dichos actos son cometidos por éstos.

■ Dada su claridad y falta de ambigüedad, no hay necesidad de mirar más allá de la letra en búsqueda de la intención legislativa. Cuando la ley es clara, la misma no está sujeta a interpretaciones. Véanse: *Vázquez v. A.R.Pe.*, 128 D.P.R. 513 (1991); *Rodríguez v. Méndez & Co.*, 147 D.P.R. 734 (1999).

■ Mangual invoca jurisprudencia del Tribunal de Distrito Federal para el Distrito de Puerto Rico para fundamentar su conclusión de que, no obstante la claridad de las citadas disposiciones de ley, los supervisores y agentes del patrono no son responsables civilmente por actos de hostigamiento sexual. Los casos citados se limitan a interpretar el alcance de la definición contenida en el Título VII, 42 U.S.C. sec. 2000e, respecto a la aplicación de dicho estatuto federal, el cual ciertamente prohíbe, entre otras cosas, el hostigamiento sexual en el lugar de empleo. El mencionado estatuto define el término "patrono" de la siguiente forma:

... [t]he term "employer" means a person engaged in an industry affecting commerce who has *fifteen or more* employees ... and any agent of such a person .... (Énfasis suplido.)

Vemos, pues, que la mencionada legislación federal sólo es aplicable a patronos con quince o más empleados. Es dentro del contexto de esa limitación que el Tribunal de Distrito Federal para el Distrito de Puerto Rico, y las cortes de otros distritos, ha concluido *que resultaría incomprensible responsabilizar a los agentes de una empresa bajo el Título VII cuando del texto de la ley surge la intención del legislador de no responsabilizar a los patrones de menos de quince empleados.* La legislación nuestra —que es objeto de examen en este caso— es mucho más abarcadora que el mencionado estatuto federal, ya que incluye, no sólo toda clase de patronos independientemente de la cantidad de empleados que tenga, sino también a sus supervisores, oficiales, administradores y agentes. Por lo tanto, tales decisiones no son aplicables al caso de marras.

■ Las leyes laborales son de carácter remedial, con un propósito eminentemente social y reparador. *Acevedo v. P.R. Sun Oil Co.*, 145 D.P.R. 752 (1998). Son instrumentos para proteger a la clase trabajadora de los actos de hostigamiento sexual y discriminatorios del patrono en el empleo. Su interpretación liberal, a favor de aquellos a quienes las mismas intentan proteger, es imperativa. Véanse: *Acevedo v. P.R. Sun Oil Co.*, supra, pág. 768; *Torres v. Star Kist Caribe, Inc.*, 134 D.P.R. 1024 (1994); *Agosto Serrano v. F.S.E.*, 132 D.P.R. 866 (1993).

■ En conclusión, resolvemos que el recurrente Mangual es un "patrono" bajo las Leyes 17, 69 y 100, *supra*, por lo que responde en su carácter personal por sus propios actos de hostigamiento sexual. Dicha conclusión halla apoyo adicional en el contrasentido que resultaría de una interpretación al efecto de que, por un lado, el patrono real —o sea, el dueño de la empresa— será el único responsable de los actos de hostigamiento sexual realizados por sus su-

pervisores, oficiales, administradores y agentes, y por otro lado, que le diéramos inmunidad a éstos a pesar de ser los autores directos del daño. Al responsabilizar el legislador al dueño de la empresa por la conducta de hostigamiento sexual de tales supervisores, oficiales, administradores y agentes, lo hizo con el propósito de fomentar la participación afirmativa y concreta de éste, a los fines de asegurar un ambiente de respeto y dignidad hacia el trabajador (véase esc. 5), por lo que no podemos pensar que tuviera el legislador, al mismo tiempo, la intención de fomentar la conducta proscrita por el estatuto dándole inmunidad a los supervisores, oficiales, administradores y agentes de la empresa para que puedan incurrir en tal conducta impunemente. Es por tal motivo que el legislador dispuso en el Art. 11 de la Ley Núm. 17, *supra*, que "[t]*oda persona* responsable de hostigamiento sexual en el empleo, según se define en [los artículos 1 al 13 de] esta [L]ey, incurrirá en responsabilidad civil ...". 1988 Leyes de Puerto Rico 85. Como se ve, dicha disposición no se limita al patrono real o dueño de la empresa, sino que se extiende a toda persona responsable de la conducta en cuestión, sin distinción de clase alguna. El error señalado no fue cometido.

## IV

Ahora bien, ¿responde solidariamente la sociedad de bienes gananciales del recurrente Mangual por los propios actos de éste constitutivos de hostigamiento sexual?

La parte peticionaria arguye que no existe causa de acción en contra de la sociedad conyugal en este caso, ya que la misma no es y nunca ha sido patrono de la señora Rosario de Vázquez. El Art. 1310 del Código Civil, 31 L.P.R.A. sec. 3663, dispone:

> El pago de las deudas contraídas por el marido o la mujer antes del matrimonio no estará a cargo de la sociedad de gananciales.

*Tampoco lo estará el de las multas y condenas pecuniarias que se les impusieren.*

Sin embargo, el pago de las deudas contraídas por el marido o la mujer con anterioridad al matrimonio, y el de las multas y condenas que se le impongan, podrá repetirse contra los gananciales después de cubiertas las atenciones que enumera la sec. 3661, si el cónyuge deudor no tuviese capital propio o fuera insuficiente; pero al tiempo de liquidarse la sociedad se le cargará lo satisfecho por los conceptos expresados. (Énfasis suplido.)

Por su parte, los recurridos sostienen, basándose en el citado artículo, que la sociedad legal de gananciales demandada es parte indispensable en el caso de marras "toda vez que responderá frente a los querellantes-recurridos en caso de que los bienes del [señor Mangual], no sean suficientes para responder por la sentencia que en su día podría recaer en su contra". Moción en Cumplimiento de Orden, pág. 6. No tienen razón.

Según las claras disposiciones del Art. 1310 del Código Civil, transcrito anteriormente, cuando uno de los cónyuges no tenga bienes propios con qué responder de una condena pecuniaria, o éstos sean insuficientes para ello, es que podrá repetirse contra los bienes pertenecientes a la sociedad de gananciales, previa excusión de los bienes privativos del cónyuge legalmente responsable. *Quiñones López v. Manzano Pozas*, 141 D.P.R. 139 (1996). La responsabilidad de la sociedad de gananciales en estos casos es subsidiaria. Art. 1310 del Código Civil, *supra.*

 Como regla general, el pago de multas y condenas pecuniarias que se le impongan a uno de los cónyuges no estará a cargo de la sociedad legal de gananciales. Sin embargo, en *Lugo Montalvo v. González Mañón*, 104 D.P.R. 372, 378 (1975), expusimos una excepción a dicha regla general:

*Parece claro, pues, que la doctrina entiende, creemos que con razón, que cuando la multa o condena es motivada por la comisión de un delito, como regla general ... la responsabilidad es*

*personal del cónyuge que lo cometió*; pero en casos de responsabilidad civil extracontractual, la responsabilidad será personal o de la sociedad de gananciales según los hechos que la produjeron. *Generalmente se reconoce que si la acción o gestión del marido aprovecha económicamente la masa ganancial, la responsabilidad también será de cargo de dichos bienes.* Como expresa Scaevola, "quién está a las ganancias, debe estar a las pérdidas," precepto que considera que desde muy antiguo rige en materia de sociedad. (Énfasis suplido.)

En dicho caso, resolvimos que la sociedad legal de gananciales era responsable por daños causados por una alegada impericia médica (*medical malpractice*), ya que su gestión económica profesional beneficiaba la masa ganancial. *Lugo Montalvo v. González Mañón*, supra, pág. 379. De igual forma, en *Albaladejo v. Vilella Suau*, 106 D.P.R. 331 (1977), le impusimos responsabilidad civil a la sociedad legal de gananciales por los daños causados en un accidente de automóvil, cuando el vehículo era conducido por el demandado en gestiones de su empleo. Ello debido a que el empleo de un cónyuge es para el beneficio de la sociedad legal de gananciales.

No obstante, en *Orta v. Padilla Ayala*, 131 D.P.R. 227 (1992), resolvimos que la sociedad legal de gananciales de un alcalde no responde solidariamente de los daños y perjuicios que éste cause *intencionalmente* en el desempeño de sus funciones oficiales, por el sólo hecho de que la sociedad recibe beneficios económicos provenientes de los ingresos del empleo de dicho funcionario. Igual solución se impone hoy.

En el caso de autos, el señor Mangual alegadamente hostigó sexualmente a la señora Rosario mientras se desempeñaba como presidente de la empresa y supervisor de ella. Aunque los alegados actos del señor Mangual surgen mientras ocupaba un cargo dentro de la empresa de la cual era empleada la querellante, en el lugar de trabajo, durante horas laborales, y su empleo es para beneficio de la sociedad legal de gananciales, es claro que su *acción*

*intencional* de hostigar sexualmente a una empleada en nada beneficia a la sociedad de bienes gananciales ni adelanta los fines del matrimonio, por lo que las consecuencias económicas no deben pesar sobre todo el patrimonio familiar. Cualquier responsabilidad que pueda tener la sociedad legal de gananciales ha de ser *de forma subsidiaria*, previa excusión de los bienes propios del cónyuge culpable, según exige el Art. 1310 del Código Civil, *supra*, y en todo caso, después de que haya recaído sentencia final y firme en contra del mencionado cónyuge. Es en la etapa de ejecución de la sentencia dictada, cuando el cónyuge inocente tendrá derecho a ser incluido en la correspondiente solicitud de ejecución de sentencia, a ser citado o emplazado con dicha moción, y a ser oído para proteger su derecho y el de la sociedad legal de gananciales previo a las indispensables determinaciones judiciales de que el cónyuge culpable no tiene bienes con qué responder de la sentencia dictada, o éstos son insuficientes para satisfacer la totalidad de la misma y de que la sociedad legal de gananciales posee bienes suficientes para sufragar las cargas y obligaciones que dispone el Art. 1308 del Código Civil, 31 L.P.R.A. sec. 3661. Véase *Cruz Viera v. Registrador*, 118 D.P.R. 911, 915–916 (1987).

## V

Por todo lo antes expuesto, este Tribunal resuelve que un agente, oficial, administrador o supervisor de una empresa responde civilmente en su carácter personal, a los fines de las Leyes Núms. 17, 69 y 100, *supra*, en adición al patrono real, por los actos de hostigamiento sexual cometidos por él en contra de un obrero o empleado de dicho patrono. También resolvemos que la sociedad de gananciales no responde de los daños ocasionados por los actos de hostigamiento sexual de uno de los cónyuges.

En consecuencia, *se modificará la sentencia emitida por el Tribunal de Circuito de Apelaciones a los fines de revocar aquella parte de la misma que denegó la desestimación de la querella incoada en este caso en contra de la Sociedad Legal de Gananciales compuesta por los esposos Mangual y, en consecuencia, se dictará sentencia desestimando tal querella respecto a dicha Sociedad. Así modificada la sentencia impugnada, se confirma la misma. Se devolverá el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto.*