Barbara **ROSA VIDAL,** Plaintiff

v.

**HEALTH SOUTH REHABILITATION HOSPITAL and Mr. Edwin Sueiro, Defendants.**

**Civil No. 05–2160 (JAG).**

United States District Court, D. Puerto Rico.

July 31, 2006.

Maria T. Juan–Urrutia, Escanellas & Juan, San Juan, PR, for Plaintiff.

Jorge L. Capo–Matos, O'Neill & Borges, San Juan, PR, Arturo J. Fernandez (PHV), Juan C. Enjamio (PHV), Hunton & Williams, Barclays Financial Center, Miami, FL, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiff Barbara Rosa Vidal ("plaintiff") filed the present complaint against her former employer, Health South Rehabilitation Center ("Health South"), and Edwin Sueiro ("Sueiro"), her former supervisor, pursuant to Title VII of the Civil Rights Act, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and several state laws. In a nutshell, plaintiff alleges that defendant Sueiro subjected her to sexual harassment, and discriminated against her because of her gender.

On January 26th, 2006, Sueiro moved to dismiss all claims against *him* under Fed. R.Civ.P. 12(b)(6), because he is not an "employer" as defined by Title VII and COBRA. (Docket No. 11). Sueiro further contends that since he is not liable under the federal statutes, the claims brought pursuant to Puerto Rico Act No. 100 of June 30, 1959 ("Act 100"), Act No. 17 of April 22, 1988 ("Act 17"), Act No. 80 of May 30th, 1976 ("Act No. 80"), and Article 1802 of the Puerto Rico Civil Code ("Article 1802"), must also be dismissed. *Id.,* 9–10. No argument for dismissal as to defendant Health South was submitted in the motion.

On February 27th, 2006, the plaintiff admitted that Sueiro is not personally liable under both Title VII and COBRA, but opposed Sueiro's request for dismissal of the supplemental state law claims, arguing that under the latter, the term "employer" encompasses both the corporate entity and the individual who engages in the discriminatory conduct.[1]

Since the parties agree that Sueiro is not personally liable under the federal statutes, the Court shall only determine whether said defendant is subject to liability under state law and, if he is, whether the Court has jurisdiction to entertain the

1. Plaintiff relies on Act 100's definition of "employer" Pr.St.T. 29 § 151(2), and the Puerto Rico Supreme Court decision in *Rosario Toledo v. Distribuidora Kikuet,* 151 D.P.R. 634, 644 (2000).

claims brought against him under those statutes.

## STANDARD OF REVIEW

### A. Motion to Dismiss Standard.

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

### B. Supplemental Jurisdiction Standard

Under 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The United States Supreme Court has observed that the "supplemental jurisdiction statute codifies [the] principles" established in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), where the Court held that federal judicial power may be exercised when there is a federal claim properly before a federal court and a state claim arises from "a common nucleus of operative fact." *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).

■ In addition, 28 U.S.C. § 1367(a) allows a federal court to hear claims against additional parties over which it would not otherwise have jurisdiction, when those claims arise from a common nucleus of operative fact. *See* Erwin Chemerinsky, *Federal Jurisdiction* § 5.4 at 336 (3rd Ed.1999).

## DISCUSSION

■ A review of the authorities cited by the plaintiff reveal that the definition of "employer" under Puerto Rico Acts 100, 17 and 69 includes an individual defendant. *See Rosario Toledo v. Distribuidora Kikuet*, 151 D.P.R. 634, 644–645 (2000) (holding that, contrary to Title VII, "employer" under Acts 100, 17 and 69 "is not limited to the real employer or the company's owner, but extends to every person responsible for the conduct in question")(translation ours). Sueiro is thus considered an employer under the state laws at issue here and, consequently, he is still subject to liability for the charged conduct.

■ In addition, the Court finds that all claims derive from the same nucleus of operative fact. That is, both the federal and state law claims are based on the same conduct, to wit, Sueiro's alleged harassment of plaintiff, and his retaliating against her (by terminating her from em-

ployment) because of her refusing his sexual advances. Specifically, the complaint alleges that Sueiro constantly made comments about the plaintiff's attire and appearance, phoned her after work hours, and referred to her in a derogatory and obscene way. (Docket No. 1 at ¶¶ 12–31).

Therefore, since the parties agree that the federal claims are amenable to relief as to defendant Health South, and inasmuch as all claims by plaintiff derive from the same set of facts, the Court shall exercise its supplemental jurisdiction over the state law claims that remain viable against defendant Sueiro.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS in part and DENIES** in part the defendants' Motion to Dismiss. Accordingly, all claims brought against defendant Sueiro pursuant to Title VII and COBRA are **DISMISSED.** Proceedings shall continue in accordance with the Scheduling Order issued on February 14th, 2006. (Docket No. 14).

IT IS SO ORDERED.