Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL
OATA-2023-131[1]

| IRIS RODRÍGUEZ VELÁZQUEZ, DEPARTAMENTO DE LA FAMILIA (ADFAN) Recurrente v. MARILUZ GÓMEZ RIVERA (ACUDEN) Recurrida | KLRA202300311 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento del Trabajo y Recursos Humanos Caso núm. PIA-23-05 SOBRE: IMPUGNACIÓN DE DELEGADOS ANTE AEELA |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de octubre de 2023.

Comparece por derecho propio la Recurrente, Sra. Iris Rodríguez Velázquez (en adelante, "Recurrente" o "Parte Recurrente"), para solicitarnos que se revise y deje sin efecto la *Resolución* emitida y notificada el 11 de mayo de 2023 por un Panel Independiente de Árbitros (en adelante, "PIA") del Negociado de Conciliación y Arbitraje (en adelante, "Negociado"). Mediante dicha *Resolución*, el PIA desestimó la solicitud de impugnación de las elecciones de la Asamblea de Delegados de Asociación de Empleados del Estado Libre Asociado (en adelante, "AEELA") en el Departamento de la Familia.

Por los fundamentos que expondremos a continuación, confirmamos la *Resolución* recurrida.

---

[1] Mediante la Orden Administrativa OATA-2023-131 se designa al Juez Joel A. Cruz Hiraldo en sustitución de la Jueza Giselle Romero García.

Número Identificador

SEN2023 _____

I

El 25 de abril de 2023, se llevaron a cabo las elecciones para la Asamblea de Delegados de la AEELA por el Departamento de la Familia para el término de 2023 al 2027. La Recurrente era candidata nominada para Delegada de la Administración de Familias y Niños (ADFAN). El 26 de abril de 2023, se envió mediante correo electrónico los resultados preliminares de las elecciones a los candidatos. El 2 de mayo de 2023, se les informó a todos los candidatos los resultados de las elecciones, particularmente quiénes resultaron electos como Delegados Electos y Delegados Suplentes de cada agencia. La Recurrente resultó ser electa como Delegada Suplente para ADFAN con ocho cientos treinta y seis (836) votos mientras que la Delegada Electa de ADFAN ganó por mayoría, con mil trece (1,013) votos.

El 4 de mayo de 2023, la Recurrente acudió ante el PIA y presentó una solicitud de impugnación de las elecciones, donde argumentó que los resultados finales de los ganadores como delegados y delegados suplentes no concuerdan con lo expresado en el Reglamento Matriz de la AEELA ni con la Ley Núm. 9-2013, conocida como la "Ley de la Asociación de los Empleados del Estado Libre Asociado de Puerto Rico de 2013".[2] En apretada síntesis, la Recurrente argumenta que los delegados ganadores son por mayoría de votos. El 11 de mayo de 2023, el PIA emitió una *Resolución de Cierre por Incumplimiento de Término* en la cual desestimó la solicitud de impugnación por haberse presentado fuera del término de cinco (5) días laborables de celebrada la elección, según establecido en el Art. 6 (B) de la Ley Núm. 9-2013[3] y en el Artículo 13 (B) (1) del Reglamento Matriz de la AEELA.[4]

---

[2] 3 L.P.R.A. § 9001 et seq.
[3] 3 L.P.R.A. § 9005.
[4] Hacemos constar que no se nos incluyó el Reglamento Matriz de la AEELA y sólo las páginas 14 a la 17 de dicho reglamento fueron incluidas en el expediente administrativo.

Así las cosas, el 17 de mayo de 2023, la Recurrente presentó una solicitud de *Reconsideración* en la cual reafirmó su postura y arguyó, en apretada síntesis, que el término establecido por ley no es un término jurisdiccional y puede ser prorrogado bajo las presentes circunstancias por existir justa causa para ello debido a que los candidatos no fueron notificados de los resultados hasta ocho (8) días posterior a la celebración de las elecciones. El 23 de mayo de 2023, el PIA emitió una *Resolución* y sostuvo el dictamen pronunciado, citando el Artículo 19 del Código Civil de Puerto Rico de 2020[5] y disponiendo que la ley es clara y libre de ambigüedades, por lo que no debe menospreciarse bajo el pretexto de cumplir su espíritu.[6]

Inconforme aún, el 23 de junio de 2023, la Recurrente, por derecho propio, presentó el recurso de revisión judicial ante nos. Simultáneamente, la Recurrente presentó una moción para solicitar la elevación de los autos originales. El 6 de julio de 2023, el Negociado de Conciliación y Arbitraje presentó una copia fiel y exacta del expediente original.

Habiendo concedido múltiples términos a la Parte Recurrida para comparecer y transcurrido los términos, damos por perfeccionado el recurso ante nos y procedemos a exponer el derecho aplicable en aras de resolver.

II

**A. *Revisión Judicial***

Es norma conocida que las determinaciones emitidas por las agencias administrativas están sujetas a un proceso de revisión

---

[5] 31 LPRA § 5341. El PIA erróneamente citó el artículo incorrecto, utilizando el equivalente derogado del Código Civil de 1930.

[6] Hacemos constar que la *Resolución* emitida por el PIA solo contiene dos (2) firmas de los tres (3) árbitros del panel. No obstante, el inciso (c) del Artículo VII del Reglamento Para El Orden Interno De Los Servicios Del Negociado De Conciliación y Arbitraje, que reglamenta en parte al PIA, dispone que "[e]l laudo a ser emitido por el Panel Independiente de Arbitraje deberá tener la aprobación de la mayoría de los miembros que lo compongan". Por tanto, no existe razón para hacer determinación sobre ello.

judicial ante el Tribunal de Apelaciones.[7] El Artículo 4.006 (c) de la Ley Núm. 201-2003, según enmendada, conocida como la "Ley de la Judicatura de 2003", dispone que mediante el recurso de revisión judicial el Tribunal de Apelaciones acogerá, como cuestión de derecho, "las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas".[8]

Por su parte y conforme a lo anterior, la Sección 4.6 de la Ley Núm. 38-2017, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico" (en adelante, la "LPAU")[9], autoriza expresamente la revisión de las decisiones, órdenes y resoluciones finales de estos organismos de la siguiente forma:

> El Tribunal de Apelaciones revisará como cuestión de derecho las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. La mera presentación del recurso no paralizará el trámite en el organismo o agencia administrativa, a menos que el Tribunal así lo determine.
>
> El procedimiento a seguir para los recursos de revisión será de acuerdo con lo establecido en el Reglamento del Tribunal de Apelaciones aprobado por el Tribunal Supremo.
>
> [...]
>
> 3 LPRA sec. 9676

Igualmente, la Sección 4.2[10] del precitado estatuto expone que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sec. 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. [...]

---

[7] *Oficina de Ética Gubernamental v. Martínez Giraud*, 210 DPR 79, 88 (2022).
[8] 4 LPRA sec. 24y.
[9] 3 LPRA § 9676.
[10] 3 LPRA § 9672.

3 LPRA sec. 9672

Por otro lado, la Regla 57 del Reglamento del Tribunal de Apelaciones[11] establece la instancia en la cual se debe presentar un recurso de revisión judicial ante este foro apelativo. Dicha Regla dispone lo siguiente:

> El escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. 4 LPRA Ap. XXII-B, R. 57.

Por último y pertinente al caso ante nuestra consideración, la Ley Núm. 9 de 25 de abril de 2013, según enmendada, conocida como la "Ley de la Asociación de Empleados del Estado Libre Asociado de Puerto Rico de 2013"[12], establece que:

> Cualquier parte adversamente afectada por una resolución final u orden del Panel podrá acudir en revisión judicial de dicha resolución u orden al Tribunal de Apelaciones del Estado Libre Asociado de Puerto Rico, no más tarde de un término jurisdiccional de treinta (30) días después de la notificación de la decisión del árbitro.

## B. *Deferencia Administrativa*

El objetivo principal de la revisión judicial se enfoca en garantizar que las agencias administrativas actúen conforme a las facultades concedidas por ley.[13] Constituye una norma reiterada por el Tribunal Supremo de Puerto Rico que los tribunales apelativos deben conceder deferencia a las determinaciones de las agencias administrativas por la experiencia y conocimiento especializado que éstas poseen sobre los asuntos ante su consideración y que por ley

---

[11] 4 LPRA Ap. XXII-B, R. 57.
[12] Ley Núm. 9-2013, 3 LPRA § 9001 et seq.
[13] *Hernández Feliciano v. Mun. de Quebradillas*, 2023 TSPR 6; *Oficina de Ética Gubernamental v. Martínez Giraud, supra.*

6

se les ha delegado.[14] Por ello, las determinaciones de las agencias administrativas gozan de una presunción de legalidad y corrección que los tribunales deben respetar mientras que no se presente evidencia suficiente para superarla o invalidarla.[15]

La parte que impugna judicialmente una determinación de hecho de una agencia administrativa tiene el peso de la prueba para demostrar que estas no están basadas en el expediente o que las conclusiones a las que llegó son irrazonables.[16] Conforme a lo dispuesto en la sección 4.5 de la LPAU[17], las determinaciones de hechos de una agencia del Gobierno "se sostendrán si se fundamentan en evidencia sustancial que obre en el expediente administrativo."[18] A estos fines, el Tribunal Supremo ha establecido que la evidencia sustancial es "aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión".[19] Empero, la aceptación no puede estar sostenida por un ligero destello de evidencia o por simples inferencias.[20]

Ahora bien, el criterio rector al momento de pasar juicio sobre la decisión de un foro administrativo es la razonabilidad de la actuación de la agencia, luego de considerar el expediente administrativo en su totalidad.[21] Consecuentemente, la revisión judicial estará limitada a evaluar si la actuación de la agencia fue arbitraria, ilegal o irrazonable, constituyendo así un abuso de discreción.[22] De este modo, el alcance del proceso de revisión se ciñe a determinar: 1) si el remedio concedido por la agencia fue el

---

[14] *Hernández Feliciano v. Mun. de Quebradillas, supra; Oficina de Ética Gubernamental v. Martínez Giraud, supra*, pág. 89; *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016).
[15] *Capó Cruz v. Junta Planificación et al.*, 204 DPR 581, 591 (2020).
[16] *González Segarra et al. v. CFSE*, 188 DPR 252, 276–278 (2013); *OCS v. Universal*, 187 DPR 164, 178–179 (2012).
[17] 3 LPRA sec. 2175.
[18] *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 187 (2009).
[19] *Capó Cruz v. Junta Planificación et al., supra*, citando a *Rebollo v. Yiyi Motors*, 161 DPR 69, 77 (2004).
[20] *Oficina de Ética Gubernamental v. Martínez Giraud, supra*, pág. 90.
[21] *Oficina de Ética Gubernamental v. Martínez Giraud, supra*, pág. 89; *Torres Rivera v. Policía de PR, supra*, pág. 627; *Otero v. Toyota*, 163 DPR 716, 727 (2005).
[22] *Torres Rivera v. Policía de PR, supra*, pág. 626.

apropiado; 2) si las determinaciones de hecho de la agencia están basadas en evidencia sustancial que obra en el expediente administrativo, y; 3) si las conclusiones de derecho fueron las correctas.[23]

Por su parte, las determinaciones de derecho pueden ser revisadas en todos sus aspectos.[24] No obstante, la revisión judicial no equivale a la sustitución automática del criterio e interpretación del organismo administrativo.[25] Los tribunales revisores descartarán el criterio de los entes administrativos cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo.[26] En virtud de ello, los tribunales revisores descartarán el criterio de la agencia administrativa, en el cual cederá la deferencia administrativa, sólo cuando la agencia: 1) erró al aplicar la ley; 2) actuó arbitraria, irrazonable o ilegalmente, o; 3) lesionó derechos constitucionales fundamentales.[27]

Además, el criterio administrativo no podrá prevalecer cuando la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual se aprobó la legislación y la política pública que la promueve.[28] En ese sentido, la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia.[29] Por ende, los tribunales tienen que armonizar, siempre que sea posible, todos los estatutos y reglamentos administrativos involucrados para la solución justa de

---

[23] *Id.*, pág. 627.
[24] *Oficina de Ética Gubernamental v. Martínez Giraud, supra*, pág. 90; *Capó Cruz v. Junta Planificación et al., supra.*
[25] *Capó Cruz v. Junta Planificación et al., supra.*
[26] *Id.*; *Rolón Martínez v. Supte. Policía, supra*, pág. 36.
[27] *Id.*; *JP, Plaza Santa Isabel v. Cordero Badillo, supra.*
[28] *Oficina de Ética Gubernamental v. Martínez Giraud, supra*, págs. 90-91.
[29] *Moreno Lorenzo v. Dept. de la Familia*, 207 DPR 833, 843 (2021).

la controversia, de modo que se obtenga un resultado sensato, lógico y razonable.[30]

Por último, cabe destacar que, en el ejercicio de la función revisora de los tribunales apelativos, los foros apelativos deben diferenciar entre asuntos de interpretación estatutaria, del cual los tribunales son especialistas, y los asuntos propios de la discreción o la pericia administrativa.[31]

## C. *Ley Núm. 9-2013*

La Ley Núm. 9 de 25 de abril de 2013, según enmendada, conocida como la "Ley de la Asociación de Empleados del Estado Libre Asociado de Puerto Rico de 2013"[32] (en adelante, "Ley Núm. 9-2013"), se aprobó en aras de ratificar la naturaleza privada de la AEELA, establecer las regulaciones propias de una institución privada, y garantizar que las socias y los socios retomen el control del gobierno y de la administración de los asuntos operacionales y financieros.[33] De este modo, la Ley Núm. 9-2013 le confirió las facultades y los poderes necesarios a la Asamblea de Delegados de la AEELA para reglamentar, tomar acuerdos, y adoptar las resoluciones indispensables para lograr los fines de la AEELA.[34]

El Artículo 6 de la Ley Núm. 9-2013 establece las normas y procedimientos de la elección de la Asamblea de Delegados.[35] En lo pertinente al caso ante nos, el inciso (B) establece el procedimiento de arbitraje para atender las impugnaciones de los candidatos en el proceso de elección de los delegados y de los puestos de la Asamblea de Delegados.[36] Este procedimiento de arbitraje será referido al Negociado de Conciliación y Arbitraje del Departamento del Trabajo

---

[30] *Id.*

[31] *Hernández Feliciano v. Mun. de Quebradillas,* 2023 TSPR 6; *OCS v. Point Guard Ins.,* 205 DPR 1005, 1028 (2020).

[32] Ley Núm. 9-2013, 3 LPRA § 9001 et seq.

[33] Exposición de Motivos de la Ley Núm. 9-2013, *supra.*

[34] Artículo 3 de la Ley Núm. 9-2013, *supra,* 3 LPRA § 9002.

[35] Artículo 6 de la Ley Núm. 9-2013, *supra,* 3 LPRA § 9005.

[36] *Id.,* 3 LPRA § 9005(B).

y Recursos Humanos, donde se designará al Panel Independiente de Árbitros.[37] Como cuestión de umbral del caso de autos, el referido inciso dispone lo siguiente:

> El Secretario del Departamento del Trabajo y Recursos Humanos nombrará a un Panel Independiente de Arbitraje compuesto de tres (3) árbitros que coticen al Fondo de Ahorro y Préstamos de la Asociación, no más tarde de treinta (30) días laborables antes de la fecha de las elecciones. **El Panel designado entenderá en cualquier impugnación de un candidato. A estos efectos, cualquier candidato podrá presentar una reclamación escrita ante el Panel dentro de los próximos cinco (5) días laborables de celebrada la elección.** El Panel se reunirá para considerar la impugnación a más tardar quince (15) días después de recibirla y notificará al reclamante de su decisión dentro de un término razonable, que nunca excederá de treinta (30) días desde la presentación. El candidato podrá presentar una solicitud de reconsideración ante el Panel dentro del término de cinco (5) días laborables de recibida la notificación. El Panel reconsiderará la solicitud y notificará al reclamante dentro de un término razonable a partir de la fecha de presentación de la reconsideración, que no excederá de diez (10) días. El laudo del Panel será autoejecutable y su determinación deberá observarse independientemente que la parte afectada solicite revisión judicial.
>
> Cualquier parte adversamente afectada por una resolución final u orden del Panel podrá acudir en revisión judicial de dicha resolución u orden al Tribunal de Apelaciones del Estado Libre Asociado de Puerto Rico, no más tarde de un término jurisdiccional de treinta (30) días después de la notificación de la decisión del árbitro.
>
> [...]
>
> (Énfasis Nuestro).
>
> 3 LPRA § 9005(B).

## D. *Interpretación de las Leyes*

Al interpretar disposiciones específicas de una ley, como principio rector, los tribunales deben considerar los propósitos perseguidos por el legislador al aprobar la norma y la determinación debe atribuirle un sentido que asegure el resultado que

---

[37] *Id.*

originalmente se quiso obtener.[38] Así pues, los tribunales tienen la obligación de imprimir efectividad a la intención del legislador y garantizar así que se cumpla con el propósito para el cual fue creada la medida.[39]

Ahora bien, el Art. 19 del Código Civil de Puerto Rico de 2020 dispone que "[c]uando la ley es clara y libre de toda ambigüedad, su texto no debe menospreciarse bajo el pretexto de cumplir su espíritu".[40] Por tanto, como norma general, debemos remitirnos al texto de la ley al interpretar un estatuto, pues, esto responde a que cuando el legislador se ha manifestado con un lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa.[41] En otras palabras, cuando la ley es clara y no es ambigua, no hay necesidad de mirar más allá de la letra en búsqueda de la intención legislativa.[42]

III

La Recurrente nos solicita revisar una resolución emitida por el PIA donde desestimó la solicitud de impugnación de las elecciones de la Asamblea de Delegados de la AEELA en el Departamento de la Familia por haberse presentado fuera del término de cinco (5) días laborables a partir de celebrada las elecciones. No le asiste la razón.

Las elecciones para la Asamblea de Delegados de la AEELA por el Departamento de la Familia para el término de 2023 al 2027 se llevaron a cabo el 25 de abril de 2023. No obstante, la Recurrente presentó su solicitud de impugnación el 4 de mayo de 2023, pasado siete (7) días laborables de celebrada las elecciones. La Ley Núm. 9-2013 claramente dispone que cualquier candidato que desee impugnar las elecciones deberá presentar su reclamación dentro de

---

[38] *Báez Rodríguez et al. v. ELA,* 179 DPR 231, 244 (2010); *Morell et al. v. Ojeda et al.,* 151 DPR 864, 877 (2000); *Chase Manhattan Bank v. Mun. De San Juan,* 126 DPR 759, 766 (1990).
[39] *Id.*; *Vázquez v. A.R.P.E.,* 128 DPR 513, 523 (1991).
[40] 31 LPRA § 5341.
[41] *Báez Rodríguez et al. v. ELA, supra,* pág. 245.
[42] *Id.*; *Rosario v. Dist. Kikuet, Inc.,* 151 DPR 634, 643 (2000).

los próximos cinco (5) días laborables de celebrada la elección, por lo que, libre de ambigüedades, no podemos menospreciar el texto de la ley bajo el pretexto de cumplir su espíritu. Por tanto, la Recurrente presentó su solicitud de impugnación fuera del término concedido por la Ley Núm. 9-2013 y procede desestimar la misma.

IV

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones