Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| CARMEN G. COLON ALBINO<br><br>Recurrida<br><br>V.<br><br>DR. EFRAIN NAZARIO CINTRON Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES QUE COMPONE CON MARÍA F. YORDAN ZAPATER; PERSONA NATURAL O JURIDIDA "X" Y "Z"<br><br>Peticionarios | TA2025CE00060 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. MZ2025CV00540<br><br>Sobre: Despido Injustificado |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 19 de agosto de 2025.

El peticionario Dr. Efraín Nazario Cintrón solicita que revisemos la denegatoria del Tribunal de Primera Instancia a desestimar sumariamente la querella laboral presentada en su contra, al amparo de la Ley Número 2 de Procedimiento Sumario Laboral.[1]

**I**

Los hechos pertinentes para este recurso son los siguientes: La recurrida, señora Carmen G. Colón Albino, en adelante la recurrida o querellante, presentó una querella por despido injustificado, discrimen por edad, violación al periodo de ingerir alimento y pago de vacaciones, contra el peticionario, su esposa y la

---

[1] Ley Núm. 2 de 17 de octubre de 1961, según enmendada. 32 LPRA sec. 3118 et seq.

sociedad de bienes gananciales. Esto, como adelantamos, al amparo del proceso sumario. La recurrida alegó lo siguiente. La querellante estuvo laborando en la posición de secretaria durante veintitrés (23) años. La querellante se desempeñó con eficiencia siendo evaluada de manera sobresaliente, y nunca recibió un memorando o acción disciplinaria previo a su despido. De hecho, en varias ocasiones se le aumentó el salario. Para noviembre de 2024 la querellante le informó a la querellada que, debido a que sería sometida a una intervención quirúrgica, tendría que estar fuera de su trabajo durante tres (3) meses en recuperación. Luego de la querellante someterse al tratamiento y estando recuperada se comunicó con su supervisora en la oficina la coquerellada Sra. María F. Yordán Zapater (Marifé) para indicarle que estaba disponible para regresar a trabajar, por lo que deseaba que le informara cuándo podía reincorporarse a su puesto. Para el 18 de febrero de 2025 la querellante, sin que se le reinstalara en su trabajo y de forma imprevista, fue despedida de su empleo sin que existiera justa causa y de forma ilegal.[2]

Por su parte, el peticionario solicitó la desestimación de la reclamación contra la sociedad legal de gananciales. Su representación legal adujo que no existía jurisdicción sobre la materia, porque el Tribunal Supremo de Puerto Rico, en *Rosario Toledo v. Distribuidora Kikuet, Inc.,* 151 DPR 634 (2000) resolvió que la sociedad legal de gananciales no era un patrono para efectos de las leyes laborales. El peticionario atribuyó a la recurrida un patrón continuo de conducta impropia, consistente en no realizar el trabajo eficientemente y hacerlo tardía y negligentemente en contra del buen funcionamiento de la empresa. Además, responsabilizó a la recurrida de ocasionarle pérdidas económicas sustanciales e

---

[2] Véase Querella, Sistema Unificado de Manejo y Administración de Casos, (SUMAC), entrada número 1 ante el TPI.

injustificadas. Por último, negó las alegaciones de discrimen por edad. El peticionario incluyó un correo electrónico que envió a la recurrida el 18 de febrero de 2025, en apoyo a su alegación de justa causa para el despido.

Por su parte, la esposa del doctor, la señora María Fernanda Yordán Zapata alegó falta de jurisdicción sobre su persona y sobre la sociedad legal de gananciales, porque no fueron emplazadas conforme a derecho. Igualmente argumentó que la sociedad legal de gananciales no era un patrono para efectos de las leyes laborales. El Dr. Efraín Nazario Cintrón insistió en solicitar la desestimación sin oposición de la recurrida. El peticionario alegó que la recurrida y su representación legal han sido temerarias y solicitó que se les ordenara el pago de honorarios.

La recurrida se opuso a la desestimación y alegó que el peticionario intentaba presentar evidencia sin autenticar, ni identificar cual era la prueba de referencia y constituía *self service evidence.* Además, adujo que subsanó los cuestionamientos a los emplazamientos. La recurrida alegó que fue discriminada por ambos componentes de la sociedad legal de gananciales, a diferencia de lo ocurrido en *Rosario Toledo v. Distribuidora Kikuet, supra,* donde se demandó al presidente de la empresa, por hostigamiento sexual en su carácter personal. La representación legal de la recurrida adujo que la esposa y la sociedad legal de gananciales fueron excluidas, porque solo uno de sus miembros incurrió en conducta discriminatoria. No obstante, advirtió que el tribunal hizo claro que eran responsables subsidiariamente.

La recurrida enfatizó que este caso era distinto, porque ambos componentes actuaron discriminatoriamente y por consiguiente responden personalmente y con los bienes de la sociedad. Por último, adujo que la demanda contenía alegaciones específicas

contra la señora Yordán Zapater. La parte peticionaria replicó e insistió en la desestimación.

El Tribunal de Primera Instancia, en adelante TPI o foro recurrido, redujo la controversia a determinar, si la recurrida presentó una causa de acción que justificara la concesión de un remedio. El foro recurrido resolvió que era necesario realizar un juicio plenario, porque la credibilidad de los documentos testimoniales que presentó el peticionario debía evaluarse con la declaración del testigo. Además, resolvió que la sociedad legal de gananciales era una parte indispensable y la consideró patrono para efectos de la demanda. Fue enfático en que el peticionario era patrono directo de la recurrida y que generaba ingresos para beneficio de la sociedad legal de gananciales. Por otro lado, resolvió que la demanda incluyó alegaciones específicas contra la señora Yordán Zapater, porque se identificó como la persona con la que la recurrida se comunicó para reincorporarse al trabajo y se alegó que se encargaba de aspectos gerenciales, tenía poder decisional y realizaba trabajos de supervisión.[3]

Inconforme el peticionario presentó recurso de Certiorari ante nosotros en el que alega que el foro recurrido erró de la siguiente manera:

**PRIMER ERROR: ERRÓ EL TPI AL DICTAR RESOLUCION INTERLOCUTORIA EL 16 DE JUNIO DE 2025, DENEGANDO LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA PARTE QUERELLADA PETICIONARIA TOMANDO EN CONSIDERACIÓN UNA MOCIÓN PRESENTADA LUEGO DE VENCIDO EL TÉRMINO PERENTORIO OTORGADO POR EL TPI; POR PARTE DE LA QUERELLANTE-RECURRIDA.**

**SEGUNDO ERROR: ERRÓ EL TPI AL DICTAR RESOLUCIÓN INTERLOCUTORIA EL 16 DE JUNIO DE 2025, DENEGANDO LA MOCIÓN DE DESESTIMACION PRESENTADA POR LA PARTE QUERELLADA PETICIONARIA AL INDICAR QUE TIENE JURISDICCIÓN SOBRE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR EL DR. EFRAÍN NAZARIO CINTRÓN Y LA SRA MARÍA FERNANDA**

---

[3] Ve SUMAC, entrada número 28 ante el TPI.

**YORDÁN ZAPATER, QUIEN NO ES PARTE QUERELLADA NI HAY ALEGACIÓN ALGUNA CONTRA ESTA EN LA QUERELLA, NI SE CONSIDERA PATRONO A TENOR CON LA JURISPRUDENCIA DEL TSPR.**

## II

### A. El certiorari

El Tribunal Supremo de Puerto Rico estableció los criterios para la expedición de un certiorari en *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Nuestro máximo intérprete de la ley local definió el certiorari, como un mecanismo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido.[4] La opinión ratifica lo previamente expresado en *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Mc Neil Healthcare v. Mun. de Las Piedras I,* 206 DPR 391, 403 (2021), *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). La característica principal del certiorari es la discreción que tiene el tribunal para atenderlo. Discreción que ha sido definida reiteradamente como una forma de razonabilidad aplicada al discernimiento judicial. Su ejercicio persigue el objetivo de llegar a una conclusión justiciera. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 210.

Por su parte, la Regla 52.1 de Procedimiento Civil, *supra,* establece los preceptos que rigen la discreción del Tribunal de Apelaciones para expedir un recurso de certiorari. Según lo establecido en la Regla 52.1 de Procedimiento Civil, *supra,* el recurso de certiorari solamente será expedido:

> ....
> [p]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones

---

[4] Véase también 32 LPRA sec. 3491.

interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Superado el análisis jurisdiccional de la referida regla, a fin de que el Tribunal de Apelaciones pueda ejercer su discreción prudentemente, la Regla 40 de su Reglamento, 4 LPRA Ap. XXII-B, establece los criterios que debería considerar el foro para determinar si procede ejercer su discreción y expedir el auto de certiorari. El texto de la regla citada es el siguiente.

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Puntualizamos que, no se favorece la revisión de asuntos interlocutorios en ausencia de los criterios antes mencionados. *800 Ponce de León v. AIG, supra,* págs.175-176; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). Esto por representar un inconveniente para el desenvolvimiento lógico y funcional del proceso el que se permita recurrir de las diversas resoluciones que recaen en los diversos actos del foro primario entorpeciendo la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016).

Por último, es pertinente enfatizar que se ha resuelto que el denegar la expedición de un auto de certiorari no constituye una adjudicación en los méritos, sino que "es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia". *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008). La parte afectada con la denegatoria a expedirse el auto de certiorari, tiene a su favor el revisar el dictamen final, cuando se resuelva la causa de acción por el foro primario. *Negrón Placer v. Sec. de Justicia,* 154 DPR 79, 93 (2001); *Bco. Popular de PR v. Mun. de Aguadilla,* 144 DPR 651, 658 (1997).

**B. El uso del Certiorari en el Procedimiento Sumario Laboral.**

De ordinario, la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral y, por lo tanto, la facultad de los tribunales apelativos al revisar dichas resoluciones es limitada. *Díaz Santiago v. PUCPR et al.,* 207 DPR 339, 348 (2021); *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 DPR 483, 498 (1999). No obstante, dicha norma no es absoluta. El Tribunal Supremo de P.R. reconoció, en el caso de *Ortiz v. Holsum,* 190 DPR 511 (2014), la jurisdicción de los foros apelativos para revisar la denegatoria a una moción de sentencia sumaria, dictada

en un caso acogido al proceso sumario de la Ley Núm. 2. El patrono en el antedicho caso solicitó revisión de la denegatoria del TPI a una moción de sentencia sumaria. El Tribunal, recordó que, en *Dávila, Rivera v. Antilles Shipping, Inc, supra*, enumeró las excepciones que permiten revisar las resoluciones interlocutorias dictadas en los casos al amparo de Ley Núm. 2. Las excepciones reconocidas son las siguientes: (1) cuando el foro primario actuó sin jurisdicción, (2) situaciones en las que la revisión inmediata dispondría del caso por completo y, (3) cuando la revisión tenga el efecto de evitar una grave injusticia. El tribunal aplicó la segunda excepción y atendió el recurso, porque el patrono, solicitó una sentencia sumaria mediante la cual se podría disponer del caso por completo. *Ortiz v. Holsum, supra*, pág. *517.* Es en estas contadas circunstancias que el carácter sumario y la celeridad que caracterizan a los procedimientos tramitados bajo la Ley Núm. 2 ceden y los foros apelativos pueden revisar determinada resolución interlocutoria. *Díaz Santiago v. PUCPR et al., supra*, pág. 349.

**III**

El peticionario solicita que revisemos la denegatoria del Tribunal de Primera Instancia a desestimar sumariamente la querella presentada al amparo del procedimiento sumario laboral. La Regla 52.1 de Procedimiento Civil, *supra,* nos autoriza a intervenir con la denegatoria del TPI a una moción de carácter dispositivo. El Tribunal Supremo de Puerto Rico también nos autoriza a intervenir, vía excepción en los casos de Ley Núm. 2 cuando nuestra revisión podría disponerse del caso en su totalidad.

No obstante, habiendo examinado el expediente en su totalidad al amparo de la regla 40 del Reglamento del Tribunal de Apelaciones, supra, y determinamos que no intervendremos en esta etapa procesal con la decisión del TPI de no desestimar

sumariamente la demanda de despido injustificado, discrimen por sexo y represalias.

**IV**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari.*

Notifíquese

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones