Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL
OATA-2023-165[1]

| CYNTHIA MÉNDEZ SEGARRA<br><br>Demandante-Recurrida<br><br>v.<br><br>CASA REALTY CORPORATION H/N/C FARMACIA GRITO DE LARES Y OTROS<br><br>Demandados<br><br>MAYBETH TORRES SIGURANI<br><br>Codemandada Peticionaria | KLCE202300841 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Sebastián<br><br>Caso Núm. LR2022CV00095<br><br>Sala: 0002 Distrito y Superior<br><br>Sobre:<br><br>DESPIDO INJUSTIFICADO (LEY 80), DISCRIMEN (LEY 100) |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Jueza Santiago Calderón y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de marzo de 2024.

Comparece la parte peticionaria, Maybeth Torres Sigurani, para solicitarnos que se revise y revoque la *Orden* emitida y notificada el 18 de mayo de 2023 y la *Resolución* emitida el 22 de junio de 2023 y notificada el 27 de junio de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Sebastián donde, respectivamente, decretó No Ha Lugar a una solicitud de desestimación y declaró No Ha Lugar a la *Moción de Reconsideración* presentada por la peticionaria. El 21 de febrero de 2024, el Tribunal de Primera Instancia emitió una *Resolución Enmendada* fundamentando y reafirmando su dictamen.

Por los fundamentos que exponemos a continuación, se expide el auto de *certiorari*. Se modifica la *Resolución Enmendada,*

---

[1] Mediante la Orden Administrativa OATA-2023-165 se designa al Juez Joel A. Cruz Hiraldo en sustitución de la Jueza Eileen J. Barresi Ramos.

a fines de desestimar la causa de acción bajo la Ley Núm. 100, y así modificada, se confirma.

I

El 1 de abril de 2022, la Sra. Méndez Segarra instó una *Demanda* en contra de Casa Realty Corporation, haciendo negocios como Farmacia Grito de Lares, y Ludovina Sigurani, en su carácter personal, por discrimen bajo la Ley Núm. 100 de 30 de junio de 1959[2] (en adelante, "Ley Núm. 100"), por hostigamiento y acoso laboral, por despido constructivo al amparo de la Ley Núm. 80 de 30 de mayo de 1975[3] (en adelante, "Ley Núm. 80") y por daños y perjuicios.

En apretada síntesis, la Sra. Méndez Segarra laboró por catorce (14) años y siete (7) meses como Técnica de Farmacia en la Farmacia Grito de Lares bajo la supervisión de la Sra. Ludovina Sigurani, dueña y presidenta de Casa Realty Corporation. Según las alegaciones de la *Demanda*, la Sra. Méndez fue sujeta a un ambiente hostil y humillante tras ser expuesta a constantes comentarios degradantes, burlas sobre su peso y condiciones de salud, conducta abusiva y actos ilegales, todo perpetrado por la Sra. Ludovina Sigurani. En fin, el 23 de septiembre de 2021, la Sra. Méndez Segarra alegó que se vio forzada a renunciar su empleo y, poco después, presentó la acción de epígrafe, reclamando por daños sufridos, daños punitivos, pérdida de ingreso, mesada e indemnización al amparo de la Ley Núm. 80, doble compensación al amparo de la Ley Núm. 100 y honorarios de abogado. Ante el fallecimiento de la Sra. Ludovina Sigurani, el 11 de enero de 2023, la demandante presentó una *Demanda Enmendada* con el propósito de incluir como parte demandada a la

---

[2] Ley Antidiscrimen de Puerto Rico, Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA § 146 et seq.
[3] Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1975, según enmendada, 29 LPRA § 185a et seq.

Sucesión de Ludovina Sigurani, compuesta por Maybeth Torres Sigurani, Raymond Torres Sigurani y Stephanie Torres Muñiz.

Acaecidos diversos trámites procesales, el 8 de mayo de 2023, la demandada Maybeth Torres Sigurani presentó una *Moción de Desestimación al Amparo de la Regla 10.2(5) de Procedimiento Civil.* Arguyó que, se debió desestimar con perjuicio la demanda por los siguientes planteamientos: 1) la causa de acción bajo la Ley Núm. 80 contra la Sucesión de la Sra. Ludovina Sigurani en su carácter personal, por ser una causa de acción exclusiva obrero patronal; 2) la causa de acción bajo la Ley Núm. 100, por no haberse establecido un caso prima facie de discrimen al no contener alegación alguna de discrimen y ser un remedio obrero patronal; 3) la demanda en su totalidad por constituir cosa juzgada e impedimento colateral. por sentencia ante una resolución por el Departamento del Trabajo en el caso núm. M-04079-21AE; y 4) la demanda en su totalidad, por insuficiencia en las alegaciones y por no exponer una reclamación que justifique la concesión de un remedio.

El 11 de mayo de 2023, la demandante presentó su oposición a la solicitud de desestimación. En primer lugar, expresó que la demandada Maybeth Torres Sigurani fue incluida en el pleito para responder por las actuaciones de su madre, la Sra. Ludovina Sigurani, mediante las reclamaciones bajo los Artículos 1536 y 1540 del Código Civil[4]. En segundo lugar, esgrimió que la doctrina de cosa juzgada e impedimento colateral por sentencia no era de aplicación debido a que en los procesos llevados por el Negociado de Seguridad de Empleo en el Departamento de Trabajo solo se atendió el seguro por desempleo y que no tienen jurisdicción para atender los reclamos de la demanda. Por último,

---

[4] Arts. 1536 y 1540 del Código Civil de Puerto Rico de 2020, Ley Núm. 55-2020, según enmendada, 31 LPRA § 10801 y 10804.

se arguyó que la solicitud de desestimación, esencialmente, se basa en la falta de justificación de la concesión de un remedio y que, al aplicarse la Regla 10.2 de Procedimiento Civil[5] y las alegaciones tomadas como ciertas, se debió concluir que existe una controversia real y específica que justifica una concesión de un remedio.

El 11 de mayo de 2023, notificada el 18 de mayo de 2023, el Tribunal de Primera Instancia emitió una *Orden* en la cual declaró No Ha Lugar a la solicitud de desestimación. No obstante, el 1 de junio de 2023, la demandada Maybeth Torres Sigurani presentó una moción de reconsideración. El 6 de junio de 2023, el foro primario celebró una vista en la cual atendió la moción de reconsideración. El Tribunal de Primera Instancia señaló que existía una controversia sobre si nuestro ordenamiento jurídico permite una reclamación contra un funcionario de la empresa en su carácter personal por actuaciones de daños por discrimen y acoso laboral. Ante ello, el Foro de Instancia le concedió un término a la demandante para mostrar su posición sobre la reconsideración y permitió las correspondientes réplicas de las partes.

El 14 de junio de 2023, la demandante presentó una *Moción en Cumplimiento de Orden en Oposición a Moción de Reconsideración*. En cuanto a la controversia traída por el Tribunal de Primera Instancia, la demandante arguyó que la misma fue resuelta por el Tribunal Supremo en *Cabeller Rivera v. Adriel Toyota et al.*[6], donde la demandante utilizó el análisis hecho por el Tribunal sobre que un autor de actos de hostigamiento sexual podía responder en su carácter personal y, en apretada síntesis, esgrimió que ello era de igual aplicación al presente caso. Así las

---

[5] 32 LPRA Ap. V, R. 10.2.
[6] *Cabeller Rivera v. Adriel Toyota et al.*, 200 DPR 120 (2018).

cosas, el 20 de junio de 2023, la demandada Maybeth Torres Sigurani presentó una réplica en la cual esgrimió que la jurisprudencia presentada por la demandante es exclusivamente sobre hostigamiento sexual, que no es de aplicación al presente caso por no ser de hostigamiento sexual y que la legislación aplicable solo concede remedios en contra de los patronos y no empleados en su carácter personal.

Luego de una dúplica presentada por la demandante, el 22 de junio de 2023, notificada el 27 de junio de 2023, el Tribunal de Primera Instancia emitió una *Resolución* declarando No Ha Lugar a la solicitud de reconsideración amparándose en el caso de *Cabeller Rivera v. Adriel Toyota et al.*[7]. Inconforme, el 31 de julio de 2023, la demandada-peticionaria, Maybeth Torres Sigurani, presentó el auto de *certiorari* ante nos con los siguientes señalamientos de error:

### PRIMER ERROR

INCURRIÓ EN ERROR MANIFIESTO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR LA CAUSA DE ACCIÓN BAJO LA LEY 80 DE DESPIDO INJUSTIFICADO EN CONTRA DE UN AGENTE DEL PATRONO QUE ALEGADAMENTE INCURRIO [sic] EN CONDUCTA DE HOSTIGAMIENTO LABORAL POR LAS QUE LA AGRAVIADA TUVO QUE RENUNCIAR A SU EMPLEO.

### SEGUNDO ERROR

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR LA CAUSA DE ACCIÓN AL AMPARO DE LA LEY 100 SOBRE DISCRIMEN LABORAL IMPONIENDO RESPONSABILIDAD PERSONAL AL AGENTE O EMPLEADO DEL PATRONO POR HECHOS QUE NO ACTIVAN ESTA PROTECCIÓN LABORAL.

### TERCER ERROR

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR LA CASUSA [sic] DE ACCIÓN DE HOSTIGAMIENTO LABORAL AL AMPARO DEL ARTÍCULO 1536 DEL CÓDIGO CIVIL DE PUERTO RICO POR LOS MISMOS HECHOS EN LOS QUE SOLICITA UNA REPARACIÓN DE LOS AGRAVIOS

---

[7] *Id.*

BAJO LA LEY 80 SOBRE DESPIDO INJUSTIFICADO Y LA LEY 100 SOBRE DISCRIMEN PRODUCIENDO QUE SE DE UNA DOBLE COMPENSACIÓN.

El 9 de febrero de 2024, emitimos una *Resolución* donde le ordenamos al Tribunal de Primera Instancia a atender a cada uno de los planteamientos contenidos en la *Moción de Desestimación*, según nos permite la Regla 83.1 del Reglamento del Tribunal de Apelaciones[8]. El 21 de febrero de 2024, el foro primario emitió una *Resolución Enmendada* en cumplimiento con nuestra orden.

En la *Resolución Enmendada*, el foro *a quo* reafirmó su postura sobre la responsabilidad en el carácter personal de un empleado bajo la Ley Núm. 100 y resolvió que no procede la desestimación, ya que se desprende que puede existir una reclamación que justifique la concesión de un remedio a favor de la demandante. Añadió que, de probarse, las actuaciones de hostigamiento que se le imputan a la demandada pudieran conllevar al resarcimiento de daños y que su desestimación sería darle inmunidad a la autora del daño. En cuanto a la responsabilidad en el carácter personal al amparo de la Ley Núm. 80, el foro de instancia indicó que fue presentada por la demandante en la alternativa de no probarse la reclamación por hostigamiento bajo la Ley Núm. 100 y que está dirigida hacia la corporación y no en el carácter personal de la Sucesión Ludovina Sigurani. Además, aclaró que no responderían en su carácter personal bajo la Ley Núm. 80. En fin, declaró nuevamente No Ha Lugar a la solicitud de reconsideración de la codemandada y aquí peticionaria, Maybeth Torres Sigurani.

Examinado el recurso en su totalidad y, con la comparecencia de ambas partes en aras de lograr el más justo y eficiente despacho, damos por perfeccionado el recurso y procedemos a establecer el derecho aplicable y resolver.

---

[8] 4 LPRA Ap. XXII-B, R. 83.1.

II

## A. *Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido.[9] La Regla 52.1 de Procedimiento Civil[10] establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de resoluciones y órdenes interlocutorias dictadas por el Tribunal de Primera Instancia.[11] En lo pertinente, la Regla 52.1 dispone lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.[12]

La discreción del tribunal revisor no debe abstraerse del resto del Derecho, y por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión

---

[9] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 2023 TSPR 65, 212 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).
[10] 32 LPRA Ap. V, R. 52.1.
[11] *Id.*; *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 709 (2019).
[12] 32 LPRA Ap. V, R. 52.1.

justiciera. [13] Así pues, la discreción judicial para expedir o no el auto de *certiorari* no ocurre en un vacío ni en ausencia de parámetros.[14] Cónsono con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones[15] orienta la función del tribunal intermedio para ejercer sabiamente su facultad discrecional y establece los criterios que debe considerar al determinar si procede o no expedir un auto de *certiorari*.[16] La referida regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cabe precisar que el recurso de *certiorari* es un recurso extraordinario discrecional que debe ser utilizado con cautela y

---

[13] *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *Mun. Caguas v. JRO Construction, supra*, 712; *IG Builders et al. v. BBVAPR, supra*, 338.
[14] *Id.*
[15] 4 LPRA Ap. XXII-B, R. 40.
[16] *Torres González v. Zaragoza Meléndez, supra*; *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc., supra*; *Mun. Caguas v. JRO Construction, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, págs. 404-405; *IG Builders et al. v. BBVAPR, supra*, págs. 338-339.

solamente por razones de peso.[17] Es por ello que los tribunales revisores deben limitarse a aquellos casos en que la ley no provee un remedio adecuado para corregir el error señalado.[18] Nuestro ordenamiento jurídico ha establecido que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[19]

**B. *La Regla 10.2(5) de Procedimiento Civil***

Nuestro ordenamiento procesal civil permite que una parte demandada solicite la desestimación de una causa de acción presentada en su contra si resulta evidente que de las alegaciones de la demanda prosperará alguna de las defensas afirmativas que establece la Regla 10.2 de Procedimiento Civil.[20] Particularmente, en su inciso (5), dicha regla establece que la parte demandada puede fundamentar su solicitud de desestimación bajo la defensa de que la demanda deja de exponer una reclamación que justifique la concesión de un remedio.[21] Este tipo de solicitud de desestimación se dirige a los méritos de la controversia y no a los aspectos procesales del caso.[22]

Al considerarse una moción de desestimación al amparo de esta regla, los tribunales tienen que tomar como cierto y de la forma más favorable para la parte demandante todos los hechos bien alegados en la demanda y que hayan sido aseverados de

---

[17] *Pueblo v. Díaz De León*, 176 DPR 913, 918 (2009).
[18] *Id.*
[19] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, *supra*; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000).
[20] 32 LPRA Ap. V, R. 10.2; *La Comisión de los Puertos de Mayagüez v. González Freyre*, 211 DPR 579, 614 (2023).
[21] 32 LPRA Ap. V, R. 10.2(5).
[22] *Eagle Security Police, Inc. v. Dorado*, 211 DPR 70, 83 (2023).

manera clara y concluyente.[23] Cónsono con lo anterior, los foros adjudicativos tienen el deber de interpretar las alegaciones de una demanda de manera conjunta y liberalmente a favor de la parte demandante para facilitar el amparo judicial.[24]

Para que prevalezca una solicitud de desestimación, el tribunal debe convencerse con certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor.[25] Así pues, los foros judiciales deben ponderar si, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es suficiente para establecer una reclamación válida.[26] Asimismo, el Tribunal Supremo resolvió que el estándar de revisión de la moción de desestimación se extiende a la solicitud de remedios alternativos.[27]

**C. *Ley Núm. 80***

La Ley Núm. 80 de 30 de mayo de 1976[28] (en adelante, "Ley Núm. 80") cumple el fin de proteger a los empleados de actuaciones arbitrarias del patrono al disponer de remedios económicos que desalienten los despidos injustificados.[29] Según establecido por el Tribunal Supremo, esta legislación tiene dos propósitos principales: 1) desalentar la práctica de despedir a empleados sin que medie justa causa; y 2) proveer a los empleados

---

[23] *Id.*, pág. 84; *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384, 396 (2022).
[24] *Eagle Security Police, Inc. v. Dorado*, *supra*; *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016).
[25] *Rivera Sanfeliz et al. V. Jta. Dir. Firstbank*, 193 DPR 38, 49 (2015).
[26] *Eagle Security Police, Inc. v. Dorado*, *supra*.
[27] *La Comisión de los Puertos de Mayagüez v. González Freyre*, *supra*; *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, *supra*, págs. 400-400.
[28] Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA § 185a et seq.
[29] *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.*, 209 DPR 759, 770 (2022); *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 929 (2015).

remedios consustanciales a los daños causados por los despidos injustificados.[30]

El estatuto dispone que todo empleado contratado sin tiempo determinado que trabaja para un patrono mediante remuneración y que fuere despedido sin que haya mediado una justa causa tendrá derecho a recibir de su patrono una indemnización, comúnmente conocida como "la mesada".[31] Este resarcimiento constituye un remedio exclusivo disponible para aquellos empleados que fueron despedidos injustificadamente, en tanto no existan otras causas de acción independientes al despido.[32] Cabe destacar que nuestro ordenamiento laboral no prohíbe el despido de un empleado ya que un empleado puede ser despedido mediante justa causa, pero cuando no exista justa causa, se configurará la repercusión de que el patrono deberá asumir el pago de la mesada a favor del empleado.[33]

Ahora bien, el esquema estatutario de la Ley Núm. 80 establece una presunción de que todo despido es injustificado y le impone al patrono el deber de demostrar, mediante preponderancia de la prueba, que hubo justa causa para el mismo.[34] No obstante, para disfrutar de dicha presunción, el demandante tiene la obligación de aportar prueba que establezca los hechos básicos que den lugar a la presunción, estos siendo, que fue empleado por tiempo indeterminado del patrono, que recibía remuneración por su trabajo y que fue despedido de su puesto.[35]

---

[30] *González Méndez v. Acción Social et al.*, 196 DPR 213, 229-230 (2016).

[31] Art. 1 de la Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA 185a; *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co., supra,* pág. 771.

[32] *Indulac v. Central General de Trabajadores*, 207 DPR 279, 298 (2021); *León Torres v. Rivera Lebrón*, 204 DPR 20, 36-37 (2020).

[33] *Ortiz v. Medtronic Puerto Rico Operations, Co., supra; Segarra Rivera v. International Shipping Agency, Inc.*, 208 DPR 964, 983 (2022).

[34] *Ortiz v. Medtronic Puerto Rico Operations, Co., supra,* pág. 774; *Rivera Figueroa v. The Fuller Brush Co.*, 180 DPR 894, 906-907 (2011).

[35] *Ortiz v. Medtronic Puerto Rico Operations, Co., supra,* pág. 775.

Por último y pertinente al caso ante nos, el Artículo 14(g) de la Ley Núm. 80[36] define "patrono" como "toda persona natural o jurídica que emplee o permita trabajar a cualquier empleado mediante compensación".

### D. *Ley Núm. 100*

Nuestra Constitución establece como derecho fundamental la protección de toda persona contra ataques abusivos a su honra, reputación y vida privada o familiar.[37] De igual forma, prohíbe el discrimen por razón de raza, color, sexo, nacimiento, origen, condición social e ideas políticas o religiosas.[38] Por ello, nuestro Tribunal Supremo ha indicado que la inviolabilidad de la dignidad del ser humano es el principio cardinal sobre el cual se cimentan los derechos fundamentales de toda persona.[39] La Ley Núm. 100 de 30 de junio de 1959, conocida como la "Ley Antidiscrimen de Puerto Rico"[40] (en adelante, "Ley Núm. 100"), se aprobó con el propósito de instrumentar el mandato constitucional de esencial igualdad humana en el contexto obrero-patronal.[41]

Este estatuto sirve de protección para los empleados y candidatos a empleo contra el discrimen por parte de patronos u organizaciones obreras.[42] La Ley Núm. 100 establece una causa de acción civil por daños a favor de toda persona que sea despedida, privada de oportunidad de empleo o de otro modo afectada negativamente en su empleo por motivo de edad, raza, color, sexo, orientación sexual, identidad de género, origen social o nacional, condición social, afiliación política, ideas políticas o religiosas, o por ser víctima o ser percibida como víctima de violencia

---

[36] Art. 14(g) de la Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA § 185n(g).

[37] Art. II, Sec. 8, Const. ELA [Const. PR] LPRA, Tomo 1, ed. 2016.

[38] Art. II, Sec. 1, Const. ELA [Const. PR], *supra.*

[39] *UPR Aguadilla v. Lorenzo Hernández*, 184 DPR 1001, 1014 (2013).

[40] Ley Antidiscrimen de Puerto Rico, Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA § 146 et seq.

[41] *Torres Rivera v. Econo Rial, Inc.*, 208 DPR 346, 355 (2021); *Mestres Dosal v. Dosal Escandón*, 173 DPR 62, 69 (2008).

[42] *Torres Rivera v. Econo Rial, Inc., supra.*

doméstica, agresión sexual o acecho, por ser militar, ex-militar, servir o haber servido en las Fuerzas Armadas de los Estados Unidos o por ostentar la condición de veterano.[43] En fin, la Ley Núm. 100 prohíbe y penaliza el discrimen en el empleo.[44] Su propósito es erradicar las prácticas discriminatorias en el empleo y propiciar mayor igualdad de oportunidades en el empleo.[45]

En cuanto a la indemnización, el patrono que violente dicha ley incurrirá en responsabilidad civil por una suma igual al doble del importe de los daños que el acto haya causado al empleado o solicitante de empleo o, de no poderse determinar daños pecuniarios, una suma no menor de quinientos dólares ($500.00) ni mayor de dos mil dólares ($2,000.00), según la discreción del tribunal.[46] A la primera partida se le conoce como "la doble penalidad" y abarca tanto los daños económicos como los sufrimientos y las angustias mentales que pruebe el promovente.[47] En adición, el patrono incurrirá en un delito menos grave y sería castigado con multa de hasta cinco mil dólares ($5,000.00) o cárcel por un término no mayor de noventa (90) días, o ambas penas, a discreción del tribunal sentenciador.[48] Por último, la ley permite la restitución del obrero en su empleo y la orden de cese y desista del acto discriminatorio.[49] Cabe destacar que cuando existe concurrencia de acciones entre la Ley Núm. 80 y la Ley Núm. 100, solo procederá la indemnización estatutaria que ofrezca la mayor compensación al obrero.[50]

---

[43] Art. 1 de la Ley Antidiscrimen de Puerto Rico, Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA § 146.

[44] *Segarra Rivera v. International Shipping Agency, Inc.*, *supra*, pág. 988.

[45] *Mestres Dosal v. Dosal Escandon*, *supra*, pág. 69.

[46] Art. 1 de la Ley Antidiscrimen de Puerto Rico, Ley Núm. 100 de 30 de junio de 1959, según enmendada, *supra*.

[47] *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 209 (2021).

[48] Art. 1 de la Ley Antidiscrimen de Puerto Rico, Ley Núm. 100 de 30 de junio de 1959, según enmendada, *supra*.

[49] *Id.*; *Torres Rivera v. Econo Rial, Inc.*, *supra*, pág. 356.

[50] *Segarra Rivera v. International Shipping Agency, Inc.*, *supra*, pág. 991.

Ahora bien, previo a la reforma laboral introducida por la Ley Núm. 4-2017[51], el lenguaje original del Art. 3 de la Ley Núm. 100[52] establecía una presunción de discrimen de carácter controvertible cuando los actos antes referidos se hayan cometido sin justa causa.[53] En toda causa de acción instada simultáneamente al amparo de la Ley Núm. 80 y la Ley Núm. 100, el demandante debe primero alegar en su demanda que su despido fue injustificado y luego establecer su caso *prima facie* por discrimen.[54] Los elementos que debe el promovente establecer son: 1) que fue despedido, 2) sin justa causa y 3) que está ubicado dentro de la modalidad de discrimen bajo la cual reclama.[55] Una vez establecido el caso *prima facie* por discrimen, la presunción se activa y el patrono puede atacarla al derrotar el hecho básico de ausencia de justa causa, destruir el hecho presumido de causa por motivos discriminatorios o destruir el hecho básico y presumido a la vez.[56] De atacarse la presunción exitosamente, el demandante deberá presentar prueba dirigida a establecer la existencia del discrimen, sin contar con el beneficio de la presunción.[57]

En lo pertinente al caso ante nos, el estatuto define "patrono" como "toda persona natural o jurídica que emplee obreros, trabajadores o empleados, y al jefe, funcionario, gerente, oficial, gestor, administrador, superintendente, capataz, mayordomo, agente o representante de dicha persona natural o jurídica".[58]

---

[51] Ley de Transformación y Flexibilidad Laboral, Ley Núm. 4-2017, 29 LPRA § 121 et seq.
[52] Art. 3 de la Ley Antidiscrimen de Puerto Rico, Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA ant. § 148. Hacemos constar que este artículo ha sido enmendado y su lenguaje actual no establece una presunción completamente distinta a la original.
[53] *Segarra Rivera v. International Shipping Agency, Inc.*, *supra*, pág. 988.
[54] *Segarra Rivera v. International Shipping Agency, Inc.*, *supra*, pág. 989 citando a *López Fantauzzi v. 100% Natural*, 181 DPR 92, 124 (2011).
[55] *Id.*
[56] *Id.*
[57] *Id.*
[58] Art. 6(2) de la Ley Antidiscrimen de Puerto Rico, Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA § 151(2).

III

Como primer señalamiento de error, la peticionaria indicó que el foro primario incidió al no desestimar la causa de acción bajo la Ley Núm. 80 por ser en contra de un agente del patrono en su carácter personal. En esencia, la peticionaria arguye que los remedios solicitados y las reclamaciones laborales bajo la Ley Núm. 80 son exclusivamente atribuibles a patrono y no pueden ser impuestas a empleados en su carácter personal. Por otro lado, la recurrida arguyó que este señalamiento de error no debe ser considerado por este foro revisor debido a que no existe reclamación de despido constructivo en contra de la Sra. Ludovina Sigurani. Igualmente, en su *Resolución Enmendada*, el Tribunal de Primera Instancia concurrió con la demandante y resolvió que la causa de acción bajo la Ley Núm. 80 está dirigida hacia patrono, Casa Realty Corporation. Coincidimos con el raciocinio del foro de instancia.

Aunque la redacción de las reclamaciones de la *Demanda Enmendada* resulta ser relativamente confusa, concluimos que la causa de acción al palio de la Ley Núm. 80 sólo se dirige contra patrono, Casa Realty Corporation, según se desprende de la alegación treinta y uno (31) de la *Demanda Enmendada*. Así lo afirmó la demandante en su escrito e igualmente lo resolvió el Tribunal de Primera Instancia en su *Resolución Enmendada*. Por tanto, no existe una causa de acción en el carácter personal de la Sucesión Ludovina Sigurani al amparo de la Ley Núm. 80, por lo que solo resta confirmar al foro primario en cuanto a este señalamiento de error.

En cuanto al segundo señalamiento de error, la peticionaria igualmente indicó que el Tribunal de Primera Instancia que incidió al no desestimar la causa de acción bajo la Ley Núm. 100. La peticionaria arguyó que dicha causa de acción es de índole obrero-

patronal y que las alegaciones de la demanda no contienen acto discriminatorio alguno que se encuentre bajo la protección de la Ley Núm. 100. Por otro lado, la recurrida argumentó que la controversia sobre si se puede demandar en carácter personal a un funcionario de la empresa por actuaciones de daños por discrimen y acoso laboral fue resuelta por el Tribunal Supremo en el caso *Cabeller Rivera v. Adriel Toyota*[59]. Luego de un concienzudo estudio del expediente del presente caso, resulta forzoso concluir que estamos ante una controversia quimérica y que la causa de acción por discrimen al amparo de la Ley Núm. 100 es improcedente.

Ciertamente, en circunstancias particulares tales como los casos sobre hostigamiento sexual, se puede demandar a un funcionario de una empresa en su carácter personal según fue resuelto por el Tribunal Supremo en *Cabeller Rivera v. Adriel Toyota*[60] y en *Rosario Toledo v. Dist. Kikuet, Inc.*[61]. No obstante, dicha polémica es irrelevante cuando de la misma *Demanda Enmendada* surge que no existe alegación alguna que sostenga una reclamación al palio de la Ley Núm. 100. Es decir, al tomar como cierto y de la forma más favorable para la demandante-recurrida todos los hechos bien alegados en la *Demanda Enmendada*, no existe reclamación válida bajo la Ley Núm. 100, pues, no se alega discrimen alguno que se contemple bajo dicho estatuto. Veamos.

En la *Demanda Enmendada*, la demandante-recurrida alude a actos de discrimen en numerosas ocasiones, sin especificar la modalidad de discrimen cometido. **No obstante, de las alegaciones número quince (15) y veintiuno (21), se desprende que el alegado discrimen es por razón del "peso y condición de salud" de la demandante-recurrida**. La Ley Núm. 100 es clara en

---

[59] *Id.*
[60] *Id.*
[61] *Rosario Toledo v. Dist. Kikuet, Inc.*, 151 DPR 634 (2000)

cuanto a las distintas categorías de discrimen que se prohíben, estas siendo: por razón de edad, raza, color, sexo, orientación sexual, identidad de género, origen social o nacional, condición social, afiliación política, ideas políticas o religiosas, o por ser víctima o ser percibida como víctima de violencia doméstica, agresión sexual o acecho, por ser militar, ex-militar, servir o haber servido en las Fuerzas Armadas de los Estados Unidos o por ostentar la condición de veterano.[62] **Evidentemente, la Ley Núm. 100 no contempla un discrimen por razón de peso o condición de salud, por lo que tampoco provee un remedio para ello**.

La realidad del caso es que la demandante-recurrida no alegó una indicativa de cualquier modalidad de discrimen bajo la Ley Núm. 100, por lo que es insostenible e improcedente la causa de acción por discrimen bajo la referida ley. Resolver al contrario permitiría que se sostengan causas de acción sin alegaciones que la apoyen, sometiendo a las partes adversarias a una litigación sobre controversias inexistentes, según ocurrió en el presente caso.

El Tribunal de Primera Instancia negó desestimar esta causa de acción basándose en las alegadas actuaciones de hostigamiento porque, de probarse éstas, podrían conllevar una indemnización por daños sufridos. Además, el foro *a quo* cita la jurisprudencia de *Cabeller Rivera v. Adriel Toyota*[63] y en *Rosario Toledo v. Dist. Kikuet, Inc.*[64] en apoyo a su conclusión. Le recordamos al foro de instancia que la Ley Núm. 100 es una ley que atiende asuntos de discrimen y se utilizó, en conjunto con otras leyes, en la precitada jurisprudencia bajo el contexto de discrimen por razón de sexo, entre otras. **El presente caso trata sobre un despido constructivo mediante hostigamiento y acoso laboral, sin pretexto alguno de discrimen**. Las alegaciones de hostigamiento

---

[62] Art. 1 de la Ley Antidiscrimen de Puerto Rico, Ley Núm. 100 de 30 de junio de 1959, según enmendada, *supra*.
[63] *Id.*
[64] *Rosario Toledo v. Dist. Kikuet, Inc.*, 151 DPR 634 (2000)

y acoso laboral, por sí solas y sin algún acto discriminatorio, no pueden sustentar una causa de acción bajo la Ley Núm. 100. Por tanto, procede la desestimación de la causa de acción por discrimen bajo la Ley Núm. 100 en contra de Casa Realty Corporation y la Sra. Ludovina Sigurani, ahora sustituida por la Sucesión, en su carácter personal.

Como tercer y último señalamiento de error, la peticionaria indicó que el Tribunal de Primera Instancia incidió al no desestimar la causa de acción en daños y perjuicios por hostigamiento y acoso laboral al amparo del Artículo 1536 del Código Civil de Puerto Rico[65]. En esencia, la peticionaria arguyó que el remedio aplicable de la Ley Núm. 80 es exclusivo por lo que no procede una acción de daños y perjuicios y aún menos a un empleado en su carácter personal. No le asiste la razón.

Una parte demandada puede presentar una moción de desestimación sobre una causa de acción presentada en su contra si resulta evidente que de las alegaciones de la demanda prosperará alguna de las defensas esbozada en la Regla 10.2 de Procedimiento Civil[66], entre ellas la defensa de que la demanda deja de exponer una reclamación que justifique la concesión de un remedio.[67] Empero, para que la parte promovente prevalezca es necesario que el tribunal se convenza con certeza de que no existe derecho a algún remedio bajo cualquier estado de derecho que se pudiera probar en apoyo a su reclamación e interpretada de la forma más liberal y favorable para la demandante.

Tras un prolijo estudio de las alegaciones de la *Demanda Enmendada* junto al expediente del caso de autos, no podemos, en buena conciencia, desestimar la acción judicial en esta etapa de los procedimientos. Las alegaciones de hostigamiento y acoso

---

[65] Art. 1536 del Código Civil de Puerto Rico de 2020, Ley Núm. 55-2020, según enmendada, 31 LPRA § 10801.
[66] 32 LPRA Ap. V, R. 10.2.
[67] *Id.*, R. 10.2(5).

laboral, tomadas de la forma más favorable a la demandante y resolviendo toda duda a su favor, pudieran, de probarse, encontrar un remedio bajo algún estado de derecho aplicable, siendo esta suficiente para establecer una reclamación válida. Por ende, concluimos que el Tribunal de Primera Instancia actuó correctamente en derecho y no cometió el señalado error.

IV

Por los fundamentos antes expresados, las cuales hacemos formar parte de este dictamen, se expide el auto de *certiorari*. Se modifica la *Resolución Enmendada* emitida por el Tribunal de Primera Instancia, Sala Superior de San Sebastián, a fines de desestimar la causa de acción bajo la Ley Núm. 100, y así modificada, se confirma.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones